**James William JONES, Plaintiff-Appellant,**

v.

**Peter J. PITCHESS, Sheriff of Los Angeles County, Pat Shields, Sergeant in L. A. County Sheriff's Dept., Real Party in Interest, Defendants-Appellees.**

**No. 72–1672.**

United States Court of Appeals, Ninth Circuit.

Nov. 15, 1972.

James William Jones, in pro. per.

John D. Maharg, County Counsel, Michael H. Dougherty, Deputy County Counsel, Los Angeles, Cal., for defendants-appellees.

Before MERRILL, CHOY and WALLACE, Circuit Judges.

PER CURIAM:

Jones, an inmate at a California state prison, appeals the dismissal of his civil

rights complaint. The complaint was dismissed because Jones failed to state sufficient facts to entitle him to relief under the Civil Rights Act 42 U.S.C. §§ 1983, 1985, 1988.

A dismissal of a complaint without dismissing the action is not a final order under 28 U.S.C. § 1291 because the complaint is still open to amendment. The complaint was deficient because it contained only unsupported conclusionary allegations. No "special circumstances" here indicate that the complaint could not be cured by amendment. Hurst v. State of California, 451 F.2d 350 (9th Cir. 1971). Therefore, the order appealed from is not an appealable order. Jackson v. Nelson, 405 F.2d 872, 873 (9th Cir. 1968). Accordingly the appeal is dismissed for lack of jurisdiction.[1] Hemstreet v. Schade, 459 F.2d 49 (9th Cir. 1972).

---

1. In so far as this court might be said to have jurisdiction because part of the district court's order denied injunctive relief from a "continuing false imprisonment," it is clear that release from custody is not available in a civil rights action. Peinado v. Adult Authority, 405 F.2d 1185 (9th Cir. 1969). The complaint alleges no exhaustion of state remedies and therefore the action could not be considered as one brought for a writ of habeas corpus. 28 U.S.C. § 2254(b).