541 P.2d 610

Lila Rose SANGSTER, as Executrix of the Estate of Robert Sangster, Deceased, Plaintiff-Appellant,

v.

Earl SPANGLER, Sr., et al., Defendants-Respondents.*

No. 11896.

Supreme Court of Idaho.

Nov. 18, 1975.

Nick Chenoweth Orofino, C. J. Henderson, Clarkston, Wash., for plaintiff-appellant.

John W. Walker, Moscow, for defendants-respondents.

SHEPARD, Justice.

This is an appeal from an order granting judgment on the pleadings pursuant to I. R.C.P. 12(c). The order entering judgment for respondent is based on the narrow ground that the pleadings indicate the release of defendant-respondent Earl Spangler, Sr., from all liability and therefore, as to him, leave no material issue of fact in dispute. We reverse.

This action was instituted in October 1971 by appellant Lila Rose Sangster as executrix of the estate of her husband. The substance of the claim was for con-

* *Editor's Note:* The opinion of the Supreme Court of Idaho in *Loomis v. Union Pacific Railroad Company*, filed October 15, 1975, and published in the advance sheets at this citation (541 P.2d 610), was withdrawn by the Court and a substitute opinion filed December 17, 1975.

version of a tractor loaned to Spangler and his wife and retained by them despite repeated demands for its return. Appellant sought the value of the tractor, punitive damages and costs. That complaint was arguably deficient but was amended by subsequent pleadings. An answer was filed by the Spanglers denying all allegations, affirmatively alleging the tractor was no longer in their control but on property of William and Constance Jenkins and counterclaiming for various torts.

No action was taken for a year, during which time a third party evidently repossessed the tractor and sold it. In October 1972, an amended complaint was filed reiterating the claim for conversion, indicating that the tractor had been repossessed and sold and seeking damages for diminution of value and loss of rent during the time defendants had withheld possession. Plaintiff-appellant asserted therein that she had attempted to gain possession of the tractor through agents and "placed in the hands of said agents a release directed to the defendants,". Although not expressly stated, it is implied that such release was offered to and refused by the defendants.

In answer to that complaint, the Spanglers again denied all allegations and repeated that the Jenkins had possession and control of the tractor. As an affirmative defense, defendants indicated that since plaintiff could not remove the tractor across the Jenkins' property, permission was asked to move the tractor across adjacent property belonging to the Spanglers. It was further alleged that Earl Spangler gave permission to transport the tractor across his property on the condition that a signed, notarized release be given him by plaintiff "severing him from liability for damage resulting in the transfer of the D-6 caterpillar across his property." The answer alleged that "said signed, notarized release was never given to the defendants Earl Spangler, Sr., and Ethel Spangler, his wife." It was further alleged "that said re-

lease was returned with the purported signature of plaintiff, but not notarized, whereupon defendants, not knowing plaintiff's signature, refused to grant such permission."

In the following years both parties obtained new counsel. Some 30 days prior to trial, defendants' counsel received from appellant's counsel a stipulation permitting amendment to their answer, admitting the existence of the release alleged in the amended complaint. Following such amendment, defendants' counsel moved for and obtained judgment on the pleadings.

The only substantial question presented herein is whether the pleadings failed to present a material issue of fact for determination at trial. The district court concluded that a release having been alleged and admitted, no factual issue remained. The record indicates, however, that the only fact agreed upon in the amended pleadings of the parties was the *existence* of the release. A release is not effective until delivered and accepted. *O'Toole v. Empire Motors, Inc.,* 181 Wash. 130, 42 P. 2d 10 (1935); *Halloran v. Fischer,* 126 Conn. 44, 9 A.2d 290 (Conn.1939); *Stiebel v. Grosberg,* 202 N.Y. 266, 95 N.E. 692 (1911); *Pevesdorf v. Union Electric Light & Power Co.,* 333 Mo. 1155, 64 S.W.2d 939 (1933). It would therefore appear that the defendants' own allegations presents a substantial factual question regarding the validity of the release.

We also note that the affirmative defense portion of the amended answer indicates that the effect of the release was limited to liability for damage resulting from the transfer of the tractor across the Spangler property. Therefore, even assuming that the release was valid in all due respects, an admission of its validity nevertheless does not dispose of factual questions regarding Spangler's liability.

■ Respondent argues that *Southland. Produce Co. v. Belson,* 96 Idaho 776, 536

**188**

P.2d 1126 (1975) requires the dismissal of this appeal as premature. We disagree. Although the title caption in this cause includes William and Constance Jenkins, there is no showing that the Jenkins were properly joined; no allegations are set forth regarding liability of the Jenkins and further there is no record that the Jenkins were ever served with process or appeared as parties herein. There is likewise no showing that the Spanglers were sought to be held liable as separate and independent parties, as distinguished from their joint liability for a community tort. We also note that the district court indicated "that there is no just reason for delay" in the entry of the judgment, and such clearly presents us with a final judgment within the requirement of I.R.C.P. 54(b).

Plaintiff-appellant also assigns error in the refusal of the court to permit amendment of her complaint under I.R.C.P. 15(a) in order to allege the invalidity of the release or alternatively to reply to respondents' amended answer. It is unnecessary for us to directly address this issue, since the release in question was raised by the defendant as an affirmative defense. Having been raised as such, no responsive pleading was required and respondents' defense is deemed denied and automatically put in issue. I.R.C.P. 7(a), I.R.C.P. 8(d); *Joseph v. Darrar,* 93 Idaho 762, 472 P.2d 328 (1970); *Raff v. Baird,* 76 Idaho 422, 283 P.2d 927 (1955); *Boise Street Car Co. v. Van Avery,* 61 Idaho 502, 103 P.2d 1107 (1940).

We find that there are substantial questions left unresolved by the state of the pleadings in this case which must be settled by further proceedings. Judgment is reversed and remanded for further proceedings consistent herewith. Costs to the appellant.

McQUADE, C. J., and McFADDEN, DONALDSON and BAKES, JJ., concur.