555 P.2d 390

John SODERMAN et al., Plaintiffs,

v.

Dr. Evan KACKLEY et al., Defendants.

R. Keith HIGGINSON, Director Idaho Department of Water Resources, Cross-Claimant-Appellant,

v.

UNITED STATES, Cross-Defendant-Respondent.

No. 11959.

Supreme Court of Idaho.

Sept. 17, 1976.

Rehearing Denied Oct. 29, 1976.

Nathan W. Higer, Asst. Atty. Gen., Boise, for cross-claimant-appellant.

Dan E. Dennis, Asst. U. S. Atty., Boise, and Larry G. Gutterridge, Atty., U. S. Dept. of Justice, Washington, D. C., for cross-defendant-respondent.

SCOGGIN, District Judge (Ret.)

This action was instituted by plaintiffs, John Soderman, et al, to adjudicate water rights in Gravel Creek, Lincoln (Harrison) Creek, and Wayan (Wayne) Creek, all in Caribou County, Idaho.[1] Named as defendants in plaintiffs' complaint were Dr. Evan Kackley, et al, R. Keith Higginson, Director of the Idaho Department of Water Resources (Higginson), and the United States of America through the United States Forest Service, Department of Agriculture, (United States). The United States filed an answer[2] to the complaint in which it claimed as an affirmative defense that it had non-consumptive water rights in the three creeks under the "federal reservation doctrine." In response to this af-firmative defense, Higginson, on behalf of the State Department of Water Resources filed a cross-complaint against the United States in which he disputed the validity of this non-consumptive water rights claim, and in which he asked that the claim be denied. The United States answered the cross-complaint by asking that it be dismissed and that judgment be entered in its favor, recognizing its non-consumptive right to the entire natural flow of the creeks in question and their tributaries,

". . . because these rights are appurtenant to land in the Caribou National Forest which were withdrawn and reserved by Presidential Proclamation on January 15, 1907, 34 Stat. 3267."

Hereafter, Higginson will be referred to as cross-claimant, and the United States as cross-defendant.

The cause came on for trial on November 4, 1974, before the Honorable Francis J. Rasmussen, sitting without a jury. The rights of all the parties to the litigation *inter sese*[3] other than the non-consumptive use rights claimed by the cross-defendant were stipulated. As a result of the stipulations, plaintiffs John Soderman, et al, and defendants Dr. Evan Kackley, et al, withdrew from active participation in the litigation and agreed to be bound by their stipulations. The trial proceeded to consider only the claims of cross-claimant and cross-defendant. The district court after hearing the evidence ruled in favor of the cross-defendant, concluding in part that:

"The United States is entitled under reservation doctrine to its claim of a non-consumptive use to the entire natu-

---

1. The record before this Court does not contain the complaint filed by the plaintiffs. In their briefs, the parties to this appeal agreed as to what was the nature of plaintiffs' complaint.

2. The record before this Court does not contain the answer filed by the United States. However, in their briefs the parties to this appeal agreed as to what was set forth in the answer.

3. By order of the trial court, the issues in the litigation were limited to:
 ". . . an adjudication of the rights *inter sese* to the parties diverting water from the drainages of Gravel Creek, Lincoln (Harrison) Creek, and Wayan (Wayne) Creek; leaving open future judicial determination of the rights of the United States and other[s] using water from Gray's Lake that may involve some rights of contribution from the above creeks."

ral flow of the three streams in question from the point where they arise on the national forest boundaries to the point at which they leave the national forest boundary with a priority date of January 15, 1907 since it has been shown that such use is required for the purposes for which the reservation was created, namely protection of watersheds, maintenance of natural flows in streams below the watersheds, production of timber, domestic uses, administrative-site uses, production of forage for domestic animals, stock grazing and watering, protection and propagation of wildlife, recreational uses by the public, fire fighting and prevention, preservation of fish cultures, and aesthetic and other public values."

The district court also concluded in part that:

"The existence and priority of all other water rights, appurtenance of said water and ownership thereof having been stipulated to by all parties is hereby recognized and granted."

A judgment and decree was entered as follows:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the consumptive water claims, both current and foreseeable, of the United States Forest Service are established pursuant to the stipulation entered into by the parties, more fully set forth in the findings of fact and conclusions of law.[4]

"IT IS FURTHER ORDERED that United States of America on behalf of the United States Forest Service is entitled to judgment in its favor and against all others to its claim of a non-consumptive use of the entire natural flow of the three streams in question from their point of origin on the national forest land to the national forest boundaries based upon the reservation doctrine."

It is from this judgment and decree that cross-claimant brings this appeal.

We hold that this appeal must be dismissed because no final judgment from which an appeal can be taken was entered by the district court decreeing all water rights between all the parties to the action.[5] The judgment which was entered adjudicated and decreed only the rights of the cross-defendant. The judgment did not decree the rights of the other parties to the action which were purportedly settled by stipulation. While the record before this Court discloses that counsel for the individual claimants agreed to provide maps, descriptions, points of diversion, and other information to be incorporated into the final decree with regard to the stipulation, it is apparent from reading the judgment and decree that this was never done. Accordingly, this case must be remanded back to the district court.

The district court is instructed to enter a final judgment and decree setting forth all the water rights awarded to the respective parties, whether settled by stipulation or adjudged at trial, whether consumptive or non-consumptive, and whether based upon diversion and application to a beneficial use, or based upon the federal reservation doctrine. The final judgment so entered must detail ownership rights of all the respective parties in the three creeks, including: quantity of water awarded, dates of priority of use, description of the use to which the water will be put, place of use, period of use (whether current or foresee-

4. The consumptive water claims of cross-defendant were set forth in detail in Exhibits A and B attached to the district court's Findings of Fact and Conclusions of Law.

5. I.C. § 13–201 provides in pertinent part: "*Judgments and orders appealable—Time for taking appeals.*—An appeal may be taken to the Supreme Court from a district court.

1. From a final judgment in an action or special proceeding commenced in a district court; . . . "
*See Hamblen v. Goff*, 90 Idaho 180, 409 P.2d 429 (1965); *Rawlings v. Layne & Bowler Pump Company*, 93 Idaho 496, 465 P.2d 107 (1970); *Viani v. Aetna Insurance Company*, 95 Idaho 22, 501 P.2d 706 (1972); *Southland Produce Company v. Belson*, 96 Idaho 776, 536 P.2d 1126 (1975); I.R.C.P. 54(b).

able), point of diversion where applicable, and any other facts as may be necessary to define the water rights. The final judgment will then be subject to an appeal to this tribunal if desired by any party. In so ruling, we find it unnecessary at this time to pass on the merits of the arguments presented by the cross-claimant or cross-defendant.

Appeal dismissed. No costs allowed.

McFADDEN, C. J., and DONALDSON, SHEPARD and BAKES, JJ., concur.