557 P.2d 199

**JOHN DEERE COMPANY, a corporation,
Plaintiff-Respondent,**

v.

**Spencer KUNZLER, Defendant-Counter-
claimant-Third Party Plain-
tiff-Appellant,**

and

**ELLIOTT'S, INC., Third Party Defendant.**

**No. 12087.**

Supreme Court of Idaho.

Dec. 13, 1976.

Gleason D. Anderson of Annest & Anderson, Parsons, Smith & Pedersen, Burley, for Spencer Kunzler.

Donald J. Chisholm of Goodman, Duff & Chisholm, Rupert, for plaintiff-respondent.

**PER CURIAM.**

This is an attempted appeal from a partial summary judgment entered in favor of plaintiff-respondent John Deere Company and against defendant-appellant Spencer Kunzler. John Deere Company as holder (assignee) of a purchase contract for farm machinery brought this action against Kunzler who was the purchaser and in default on the contract. John Deere sought repossession of certain machinery or in the alternative a money judgment. Elliott's, Inc., the contract sellers, were brought into the action by Kunzler as a third party defendant on a claim of alleged breach of warranty. Upon motion and after hearing, partial summary judgment was granted in favor of John Deere on its claim of repossession. Reserved therein were additional remedies to follow recovery of possession. Not treated therein was Kunzler's action against Elliott's, the third party defendant. From that summary judgment Kunzler has attempted this appeal. We dismiss.

In the absence of circumstances not presented here, a final judgment entered upon one or more but less than all of the claims contained in an action may be appealed only upon an express determination by the trial court that there is no just reason for delay. *Southland Produce Co. v. Belson,* 96 Idaho 776, 536 P.2d 1126 (1975); *Viani v. Aetna Ins. Co.,* 95 Idaho 22, 501 P.2d 706 (1972); IRCP 54(b). No such express determination was made below.

Appeal dismissed. Costs to respondent.