571 P.2d 768

**SILVER SAGE RANCH, INC., an Idaho Corporation, Appellant,**

v.

**Fredrick J. LAWSON, Defendant-Respondent,**

and

**Al Harris, Ken Goff, Eugene Skelton, James E. Mack, Shirley Horwitz, Caroll Smith, Skelton Management Farms, Inc., and Skelton Management Co., Inc., Defendants.**

No. 12217.

Supreme Court of Idaho.

Nov. 22, 1977.

Blandford & Blandford, Kimberly, Jeff Stoker of Rayborn, Rayborn & Ronayne, Twin Falls, for plaintiff-appellant.

Fredrick J. Lawson, pro se.

PER CURIAM:

Respondent Lawson, an attorney practicing and residing in California, was named as party defendant along with other defendants, both individual and corporate, in plaintiff-appellant's action based upon an alleged indebtedness, a second count premised in fraud, and a third premised in misrepresentation. Lawson was served personally in California, and stating that he appeared specially, moved to quash summons for lack of personal jurisdiction. In his *Notice of Motion*, Lawson added the prayer:

"WHEREFORE, this defendant prays that this action against him be dismissed for want of jurisdiction over his person, all at plaintiff's cost."

In a supporting affidavit Lawson set forth that he had transacted no business in Idaho, and had in Idaho no agents, offices, residences or places of business. Plaintiffs supported their position with an affidavit of the corporate secretary stating that on request of other defendants, she called Lawson in California and was told by him that other defendants were reputable and financially responsible.

In a supporting brief Lawson urged that the court "grant the Motion to Quash Summons herein." Thereafter, counsel for plaintiffs stipulated with Lawson, *pro se*, that Lawson's appearance was "a Special Appearance by [him] and does not constitute a general appearance for jurisdictional purposes," agreeing that the Motion to Quash Summons for Lack of Personal Jurisdiction be heard on the record without oral argument.

The district judge considered the record and entered an order granting the motion to quash summons for lack of personal jurisdiction. It is from *this* order that appellant has perfected this appeal. No order of dismissal was obtained.

We dismiss the appeal. An order quashing service of summons is not an appealable order under I.C. § 13–201. The trial court granted the only motion before it, namely Lawson's "motion to quash service of summons." Such a motion was proper in the days prior to the adoption of the Rules of Civil Procedure in Idaho. *See, McDonald v. McDonald*, 55 Idaho 102, 39 P.2d 293 (1937); *Pingree C. L. Co. v. C. J. Webb & Co.*, 36 Idaho 442, 211 P.2d 556 (1922). Since the adoption of the rules in 1958, however, a motion setting up the defense of failure of *in personam* jurisdiction for lack of personal service of process within Idaho is properly brought under I.R.C.P. 12(b)(2), (4) or (5) dealing with, respectively, a lack of *in personam* jurisdiction, insufficiency of process, and insufficiency of service of process. Here the trial judge merely granted the motion to quash service as to Lawson. Thus, the court was exercising its discretion under Rule 12(b)(4) and (5) rather than dismissing the action as to Lawson under Rule 12(b)(2). Similarly, appellant Silver Sage failed to take any of the steps which were available to it to cure the situation as, for example, stipulating to a discontinuance against the other defendants if they were judgment-proof or unavailable for service, or requesting that the court dismiss as to Lawson if the court concluded that Lawson's Idaho contacts were insufficient to render him amenable to Idaho's process served in California. *Cook v. Bostitch, Inc.*, 328 F.2d 1 (2d Cir. 1964). It follows that we are presented with a non-appealable order and cannot properly reach the merits of the issues argued by the parties and ruled upon by the court below.

"The underlying issue of *in personam* jurisdiction has not been finally resolved by the district court, as it would have been had the court granted the motion to dismiss under Rule 12(b)(2). The choice between dismissal and quashing service of process is in the district court's discretion. *See* 5 Wright & Miller, Federal Practice and Procedure, § 1354 (1976). 'So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.' *Cohen v. Beneficial Loan Corp., supra*, 337 U.S. [541] at 546, 69 S.Ct. [1221] at 1225, 93 L.Ed. 1528. *Cf. Jones v. Pitchess*, 469 F.2d 678, 679 (9th Cir. 1972) (dismissal of complaint not a final order)." *Stevens v. Security Pacific National Bank*, 9 Cir., 538 F.2d 1387, 1389 (1976).

It should be observed that the action remains pending against respondent, and nothing would appear to prevent appellant from making service within Idaho should respondent become available. If the action is to be hereafter dismissed as against respondent, all parties should consider the applicability of I.R.C.P. 54(b), and *Southland Produce Company v. Belson*, 96 Idaho 776, 536 P.2d 1126 (1975).

Appeal dismissed.