572 P.2d 176

Dorothy K. ROGERS, Taffy Dennis and Mary Dennis, Plaintiffs-Appellants,

v.

The STATE of Idaho and Ross Wade Thomas, Defendants-Respondents.

No. 12403.

Supreme Court of Idaho.

Dec. 5, 1977.

George Reinhardt of Rapaich & Knutson, Lewiston, for plaintiffs-appellants.

William A. Stellmon of Ware, Stellmon & O'Connell, Lewiston, for defendants-respondents.

PER CURIAM:

On July 8, 1974, this action in negligence was filed by the plaintiffs, Dorothy K. Rogers and her two daughters, Taffy Dennis and Mary Dennis, against the defendants, State of Idaho and Ross Wade Thomas, for property damages and for injuries alleged to have been sustained by the Dennis girls on July 25, 1972, when the Rogers' pickup collided with a State of Idaho vehicle operated by defendant-respondent Ross Wade Thomas, who, it is alleged, was acting within the scope of his duties as an Idaho State Police Trooper at the time of the accident. On November 14, 1972—after the accident but before the filing of this action—Thomas was separated from the Idaho State Police.

On July 26, 1974, the State of Idaho and Thomas, without severing, jointly moved to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted. On July 26, 1976, plaintiffs filed a "Motion and Notice of Motion for Determination Re Fixing of Bond Pursuant to Idaho Code 6–610" in which they sought an order directing that no written undertaking be required. The State and Thomas amended their motion to dismiss to include the additional ground that the complaint should be dismissed by reason of plaintiffs' failure to file the bond required by I.C. § 6–610.

Upon hearing before the district court, the motion to dismiss was granted as to Thomas only and judgment of dismissal as to him only was entered. Plaintiffs appeal from that determination.

Plaintiffs-appellants argued in district court that the statute, both in its express wording and in its underlying purpose, does not require that a bond be posted in order to bring suit against an ex-officer and that, if it does, the requirement is unconstitutional as a taking of property without due process since the statute does not provide for a hearing to determine the necessity or the amount of the bond. These arguments did not prevail. The trial court granted the motion to dismiss as to Thomas only and judgment of dismissal as to him only was entered. Plaintiffs appeal from that determination.

At oral argument before this Court, both parties acknowledged there was not the requisite certification required by I.R.C.P. 54(b), but nevertheless requested our determination on the merits. However, it is the consensus of the Court that the judgment of dismissal against Thomas alone is not appealable; thus the appeal is dismissed. Under the provisions of the rule, the district court retains jurisdiction and may entertain a motion by either party to enter the order of certification contemplated by Rule 54(b). The court also retains jurisdiction to review its own order dismissing Thomas. *Merchants, Inc. v. Intermountain Industries, Inc.*, 97 Idaho 890, 556 P.2d 366 (1976); *John Deere Co. v. Kunzler*, 97 Idaho 921, 557 P.2d 199 (1976); *Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976).

If there is any reconsideration, the trial court may wish to consider two further issues of statutory construction which arose at oral argument before this Court. First, the parties presented argument as to whether the Idaho Tort Claims action, with its requirement that a governmental entity provide a defense to its employees—*see*, I.C. § 6–903(b), (c) and (f)—might have the effect of nullifying the very purpose of the bond requirement and thus may have impliedly repealed or superseded I.C. § 6–610. Secondly, the parties also discussed the apparently sizeable jurisdictional problem which materializes from a literal reading of the I.C. § 6–610 requirement that the district court set the undertaking *prior* to gaining jurisdiction over the case which seemingly occurs only upon the filing of a complaint. *See*, I.R.C.P. 3(a) and 7(b)(1); I.C. §§ 5–501 and 12–401 (as these statutes read when this case commenced); *Gold Hunter Mining & Smelting Co. v. Holleman*, 3 Idaho 99, 102, 27 P. 413 (1891).

Appeal dismissed. Costs to respondents.