572 P.2d 179

Chester R. BAKER, Plaintiff-Respondent,

v.

Lois (Baker) PENDRY, Defendant-Appellant.

No. 12116.

Supreme Court of Idaho.

Dec. 7, 1977.

Thomas E. Cooke of Cooke & Lamanna, Priest River, for defendant-appellant.

James H. Paulsen, Sandpoint, for plaintiff-respondent.

DONALDSON, Justice.

This case involves a complicated set of facts. The basis for the present suit is a divorce decree between Chester and Lois Baker entered in April of 1966. The divorce left unresolved the division of certain real and personal property, including a farm parcel and a recreational parcel owned by Chester and Lois Baker as tenants in common.

Chester brought this partition action in November of 1971 seeking a distribution of that real property. Brought into the suit by a cross-complaint were the issues of rental on the farm and the distribution of personalty (which was left unresolved by the divorce decree). The case was assigned to the Hon. Thomas H. Felton, District Judge, on May 2, 1972.

On February 22, 1973, Judge Felton ordered the case set for trial on April 17, 1973. On March 23, 1973, Lois filed petitions requesting the court enter a partial decree dividing the farm parcel and confirming the attempted sale of the recreational parcel.[1] The hearing on the petitions was held on May 10, 1973. The petitions were not granted, nor were there any findings or conclusions made. A tape was made of this hearing.

Lois's attorney prepared a transcript from a part of this hearing tape and it is included in the clerk's record. Basically, this transcript indicates that the hearing was to be on Chester's objections to the property division.

On June 12, 1973, Judge Felton sent a letter to Lois's attorney indicating that he favored keeping the farm parcel intact and that one party should buy the other out with Lois having first choice. On July 5, 1973, Judge Felton again wrote Lois's attorney requesting he prepare findings of fact and conclusions of law according to the position he stated in the earlier letter.

Following a year's severe illness, Judge Felton died November 20, 1973. On February 22, 1974, the Hon. Roger Swanstrom was assigned to the case.

On March 18, 1974, Judge Swanstrom issued an order setting the case for a pretrial hearing to be held April 12, 1974. This was done although both counsel agree that at the time Judge Swanstrom did not have the benefit of the full file.

After this hearing, Judge Swanstrom wrote a partial decree on April 22, 1974. This decree would have divided this farm parcel and given Lois the half she chose at the drawing.[2] This partial decree was filed on May 1, 1974.

Meanwhile, on April 29, 1974, Chester quitclaimed to his children "that portion of the below described property left to me by the court of law settlement of the pending suit." Thereafter, Chester attempted to correct a legal description of the farm parcel.

On May 2, 1974, Chester filed an "Objection to Partial Final Decree." The objection asked for a retrial on the grounds that the record and evidence during the transition between judges was not clear or properly considered.

On June 4, 1975, Chester filed motions to vacate and set aside the partial decree and to confirm the findings of fact and conclu-

---

1. Lois's attorney sold the recreational parcel on December 21, 1972, pursuant to a stipulation by both parties. However, this sale was disputed by Chester and later nullified by the court.

2. Pursuant to another stipulation, a drawing was held on November 15, 1972 to divide the farm parcel. Chester indicated his disagreement with any division and refused to attend the drawing. Lois then picked the half she wanted.

sions of law ordered by Judge Felton. Chester filed a memorandum of authority to support his motion and included in that memorandum his transcription of the hearing held by Judge Felton.

On July 31, 1975, Lois filed a motion to strike Chester's motion on the grounds that Chester had conveyed away his interest in the property.

As a result of a hearing held on July 31, 1975, the court on October 30, 1975, granted Chester's motion to vacate and confirmed the findings and conclusions ordered by Judge Felton. Judge Swanstrom, in explaining his actions, basically stated that when he issued his partial decree he did not have a full understanding of the case, he did not have all the facts or exhibits before him and he did not correctly interpret Judge Felton's intentions.

On appeal, Lois asserts as error the trial court's giving standing to Chester, contending he had given away his interest in the subject matter of the litigation. She also argues that the court did not have jurisdiction to vacate its own partial final decree upon a motion made more than one year after the decree was filed.

### I.

■ We first address the issue of standing. It is important here to reemphasize that this suit involves more than just the farm parcel. The disposition of the recreational parcel as well as numerous items of personal property is also at issue.

The quitclaim which Chester gave to some of his children specifically reads: "That portion of the below described property left to me by the court *after the settlement* of the pending suit:" (Emphasis added.)

Lois contends that because of this deed, Chester has given away his interest in the lawsuit, pendente lite, citing *Carrington v. Crandall*, 63 Idaho 651, 124 P.2d 914 (1942). In that case we held there was no real party in interest before the Court where it was clear that the appellant had parted with title to the subject matter of the litigation during its pendency.

However, this is not the situation in this case. The deed Chester gave his children does not presently convey any interest in any land. The language specifically limits the conveyance to what is given Chester by the resolution of the present lawsuit. Therefore Chester retains an interest in the farm parcel until the suit is settled. Chester has not presently passed title to anything by the deed. The trial court properly recognized Chester's standing to make his motion to vacate. Even though Chester's children may eventually benefit from the resolution of the present suit, Chester remained a real party in interest for purposes of I.R.C.P. 17(a).

The purpose of real party in interest statutes is to protect the defendant from having to defend the same cause more than once. *Larsen v. Sjogren*, 67 Wyo. 447, 226 P.2d 177 (1951). The present suit will conclusively settle Chester and Lois's interest in the subject matter and Chester's grantees will take an interest only after such settlement. What Chester has done with his rights in the farm, after its disposition is settled by the court, is of no concern to Lois. There is no double jeopardy. *Rullman v. Rullman*, 81 Kan. 521, 106 P. 52 (1910).

### II.

■ The trial court here issued a partial decree of partition concerning the farm parcel. On the motion of Chester to vacate and before any other issues were resolved, the court changed its mind concerning that disposition of the farm.

Lois proposes that Chester was precluded from challenging this partial decree. This is because Chester's motion to vacate was made more than one year after the partial decree was filed. Chester did not file an appeal from the partial decree. While it is true, as Lois contends, that even mistakes under I.R.C.P. 60(b) can only be corrected by a motion made within six months, this is not dispositive.

The rule which deals with the status of multiple claim litigation is I.R.C.P. 54(b). This suit fits squarely within the parameters of Rule 54(b). Several claims are presented in the complaint and cross-complaint. The specific language of I.R.C.P. 54(b) reads:

"When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims *only upon an express determination* that there is no just reason for delay and upon an *express direction* for the entry of judgment." (Emphasis added.)

In *Merchants, Inc. v. Intermountain Indus., Inc.*, 97 Idaho 890, 556 P.2d 366 (1976), we held that a motion to dismiss which was granted with regard to one party was not a final order under I.R.C.P. 54(b) when the case contained five separate claims and sixteen parties. The appeal was therefore dismissed because "[t]he certification required by Rule 54(b) is entirely absent." *Id.* at 892, 556 P.2d at 368.

The opinion went on to say:

"This certification, it must be emphasized, is not a mere technical nicety. If not strictly observed, litigants are left in doubt as to precisely when a judgment does become appealable—an intolerable situation, given the fact that the prescribed time within which an appeal must be brought begins on the date when an appealable decision is rendered." *Id.*

The case before us is clearly a multiple claim situation.

Therefore, under I.R.C.P. 54(b), it is clear that in multiple party or claim situations before a final decree is entered, the court is free to revise its work:

"In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims." I.R.C.P. 54(b).

It was perfectly consistent with this rule for Judge Swanstrom to vacate the partial decree. As we said earlier, this partial decree was not a final order within the meaning of I.R.C.P. 54(b). Therefore, the judge could revise his order at any time prior to a final adjudication on all claims. His revision here was a vacation of the partial decree and a substitution of the findings ordered by Judge Felton.

It is true that at the time this appeal was filed, the old version of I.C. § 13–201(2) was in effect. This statute provided that interlocutory judgments in actions for partition of real property were appealable. The partial decree of partition, while it was an appealable interlocutory judgment under I.C. § 13–201(2), was, nevertheless, subject to revision under Rule 54(b), until final judgment was entered on all of the claims between the parties.

In *Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976), it was contended that a granted summary judgment on one claim was res judicata on another claim in the same suit. We held that since the summary judgment was not a final adjudication on all the claims and was not a certified final order, it could be revised. By the same logic, the judge here was free to vacate the partial decree.

Chester's motion to vacate was timely and it was within the discretion of the trial judge to grant it.

Affirmed and remanded for continued proceedings. Costs to respondent.

McFADDEN, C. J., SHEPARD and BAKES, JJ., and SCOGGIN, D. J., retired, concur.