574 P.2d 540

**ATHLETIC ROUND TABLE, INC., a Washington Corporation, Plaintiff-Respondent,**

v.

**Kenneth H. MERRILL, Sr. and Martha Merrill, husband and wife, Defendants, Cross-Plaintiffs, and Third-Party Plaintiffs-Appellants.**

**No. 12297.**

Supreme Court of Idaho.

Jan. 17, 1978.

Rehearing Denied Feb. 27, 1978.

Tway & Rowe, Boise, for Kenneth and Martha Merrill.

William A. Reagan, Coeur d'Alene, for Athletic Round Table, Inc.

PER CURIAM.

Plaintiff-respondent, Athletic Round Table, filed this quiet title action against defendants-appellants, the Merrills, alleging that they were operating a business on a portion of respondent's land and claiming title thereto through a deed. The complaint also named Marjorie Parsons as a defendant and alleged that she had given the Merrills the deed in question. Respondent asked that the court quiet title to the land, order the Merrills to vacate the premises and remove their improvements and award respondent a money judgment for compensatory and punitive damages.

The Merrills cross-claimed against Parsons for breach of warranty of title and impleaded Parsons' real estate agent, Thomas L. D. Brickert, alleging that he had misrepresented to the Merrills the boundaries of the land he sold to them. Shortly thereafter, however, respondent, the Merrills and Parsons stipulated that respondent owns the realty in question and that the issue of the immediate removal of improvements should be submitted to the court. The court accepted the stipulation and entered a summary judgment in favor of respondent, which in pertinent part provides as follows:

[I]t is apparent that the defendants Merrill and Parsons herein are maintaining certain structures and improvements placed upon the land of the plaintiff and that they have no legal right * * * to do so. Said defendants have asked the Court not to order a removal of the structures until the amount of damages has been determined and until it has been determined as between said defendants themselves and between them and Thomas Brickert who is going to bear the loss in this matter.

However, no just reason appears to the Court for delay of judgment in this matter. The defendants Parsons and Merrill herein are admittedly trespassers upon the land of plaintiff. Plaintiff is entitled to have the encroachments removed. * * * The continuing trespass upon plaintiff's land and denial of the right of plaintiff to use that land as it sees fit should be terminated as quickly as possible. There is no reason for the requested removal of the encroachments to await ascertainment of the actual damage between plaintiff and defendants or to await ascertainment as between defendants and third-party defendant as to who is going to bear the financial loss.

IT IS THEREFORE ORDERED that summary judgment issue herein in favor of plaintiffs * * * that all encroachments * * * be removed from the property of the plaintiff within thirty days * * *.

The Merrills appeal from this summary judgment, maintaining that under I.R.C.P. 54(b),[1] the court must make "an express determination that there is no just reason for delay" when entering a final judgment on less than all the claims presented in a multi-claim action. The issue here is whether the summary judgment makes this "express determination." The Merrills argue that no such finding was made or expressed.

We disagree. The language of the summary judgment shows the trial court was aware that Rule 54(b) required a finding that there is no just reason for delay and that it made such a determination. We hold that the trial court stated that finding with sufficient clarity and definiteness to

---

1. I.R.C.P. 54(b) provides:

*Judgment upon multiple claims.*—When more than one claim is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, the court may direct the entry of a final judgment upon one or more but less than all of the claims only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the judgment.

satisfy the requirement in Rule 54(b) of an "express determination."

Affirmed. Costs to respondents.