576 P.2d 209

**J. R. FARBER and Amelia V. Farber, husband and wife, Plaintiffs-Appellants,**

v.

**The STATE of Idaho, the City of Nampa, Asphalt Paving and Construction Co., Inc., a corporation, Defendants,**

**and**

**The State of Idaho, Defendant-Respondent.**

Supreme Court of Idaho.

March 22, 1978.

---

McFADDEN, Justice.

This appeal is from an order dismissing an action against defendant-respondent State of Idaho, one of three named defendants. The action was for damages sustained by plaintiffs-appellants J. R. Farber and his wife, Amelia V. Farber, as a result of street reconstruction work. The dispositive issue on appeal is whether the order is appealable under I.R.C.P. 54(b). We conclude that it is not and, accordingly, dismiss the appeal.

This action involves the reconstruction of Twelfth Avenue South and Seventh Street South in Nampa, Idaho. Respondent State of Idaho entered into a cooperative agreement with defendant City of Nampa for the reconstruction project, and defendant Asphalt Paving and Construction Company was awarded the contract to perform the reconstruction work. Appellants own a building and lot located at the intersection of Twelfth Avenue South and Seventh Street South, both of which were affected by the reconstruction work.

Appellants filed suit against respondent State of Idaho and defendants City of Nampa, and Asphalt Paving and Construction Company alleging a right to recover damages primarily for the negligent planning, construction and design of the project. Appellants amended complaint also sought to recover damages for the wrongful taking of a portion of their property.

A formal claim for damages against defendant City of Nampa was filed on October 10, 1973, as provided by the Idaho tort claims act,[1] but no formal claim against respondent State of Idaho was filed until August 12, 1974. Respondent State of Idaho moved to dismiss the action because of appellants' failure to file timely notice of the claim with the state under the Idaho tort claims act. The district court granted the motion and dismissed appellants' claims against respondent State of Idaho with

Kenneth F. White, Nampa, for plaintiffs-appellants.

Michael A. Greene of Eberle, Berlin, Kading, Turnbow & Gillespie, Boise, for defendants-respondents.

1. Idaho Code § 6–901 *et seq.* prescribe the means whereby claims for money damages against Idaho governmental entities may be maintained. All claims for the negligent or otherwise wrongful act or omission of a governmental employee acting within the course or scope of his employment must be presented within 120 days to the secretary of state, I.C. § 6–905, or to the secretary of the political subdivision, I.C. § 6–906.

prejudice. Further proceedings in the district court have been stayed pending this appeal from the order of the district court.

At least two separate claims against three parties are involved in this action, i. e. it is both a multiple claim and multiple party action. This appeal, however, only involves the dismissal of claims against one of the parties, respondent State of Idaho. For this dismissal to be appealable it must be certified as a final judgment under I.R.C.P. 54(b).

> *Rule 54(b). Judgment upon multiple claims.*—When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment upon one or more but less than all of the claims *only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.* (Emphasis added.)

 This certification is absent. The order granting the motion to dismiss does not meet the requirements of I.R.C.P. 54(b), and we therefore hold that it is not an appealable final judgment. While it is not clear whether I.R.C.P. 54(b) applies to both multiple claim and multiple party situations, *Southland Produce Company v. Belson,* 96 Idaho 776, 536 P.2d 1126 (1975), it is clear that an appeal cannot lie when none of the requirements of the rule have been satisfied. *Merchants, Inc. v. Intermountain Industries, Inc.,* 97 Idaho 890, 556 P.2d 336 (1976). The appeal is therefore dismissed.

SHEPARD, C. J., and DONALDSON, BAKES and BISTLINE, JJ., concur.