595 P.2d 717

**Leonard Leroy LONG,
Plaintiff-Appellant,**

v.

**The GOODYEAR TIRE & RUBBER CO.,
an Ohio Corporation, and John Doe
Corporation, Defendants,**

**and**

**Brad Ragan, Inc., a corporation,
Defendant-Respondent.**

**No. 12707.**

Supreme Court of Idaho.

May 25, 1979.

John B. Kugler, Pocatello, for plaintiff-appellant.

Ted V. Wood of St. Clair, Hiller, Benjamin, Wood & McGrath, Idaho Falls, for defendant-respondent.

Before SHEPARD, C. J., and McFADDEN, DONALDSON, BAKES and BISTLINE, JJ.

PER CURIAM.

On September 20, 1973, plaintiff Long was allegedly injured when a tire which he had just mounted on a wheel rim exploded. At the time he was working in the course and scope of his employment with Hall & Norcross Tire Co., dba Commercial Tire Service, in Pocatello.

In September, 1975, plaintiff filed suit against Goodyear Tire & Rubber Co., the manufacturer, and Brad Ragan, Inc., the distributor of the tire, alleging negligent manufacture and inspection and failure to warn on Goodyear's part and breach of im-

plied warranty by Ragan. Goodyear answered plaintiff's amended complaint. Ragan never answered, but after taking plaintiff's deposition moved for a summary judgment claiming that *it* was plaintiff's employer, and hence plaintiff's workmen's compensation agreement with Commercial Tire was his exclusive remedy against Ragan. No evidence was presented on this except plaintiff's "admissions" in his deposition that he considered Ragan his employer.

The district court granted Ragan a summary judgment as well as attorney's fees and costs totaling $438.55. Plaintiff appealed. We need not yet decide whether summary judgment was proper or whether Ragan as a matter of law was plaintiff's employer, for the appeal is premature.

We note that there was no disposition below of the claim against Goodyear, nor was there any certification that the judgment in favor of Ragan was a final judgment under I.R.C.P. 54(b).[1]

The purpose of the rule is to avoid piecemeal litigation and appeals, and in the absence of certification an appeal cannot be taken.

The appeal is dismissed. Costs to respondent.

1. Even if certification is given, such is not binding on this Court where it appears that the lower court abused its discretion in giving such. "Appellate review . . . ought properly to await final determination of the entire case if the parties then feel an appeal is appropriate." *Pichon v. L. J. Broekemeier, Inc.,* 99 Idaho 598, 586 P.2d 1042 (1978). The district judge labeled the summary judgment a "final judg-

ment" but this alone is not dispositive. The certification is mandatory under Rule 54(b) where the action as to any claims or parties has not been brought to a final conclusion. *Merchants, Inc. v. Intermountain Industries, Inc.,* 97 Idaho 890, 556 P.2d 366 (1976). Should plaintiff prevail against Goodyear, this appeal may become moot; should plaintiff lose, the entire case may be appealed at one time.