600 P.2d 126

Patrick J. LARGE, Plaintiff-Appellant,

v.

Orin C. MAYES and Carmen J. Mayes,
husband and wife,
Defendants-Respondents.

No. 13024.

Supreme Court of Idaho.

Aug. 3, 1979.

Rehearing Denied Oct. 18, 1979.

D. Duff McKee of McKee & Harwood,
Boise, for plaintiff-appellant.

Katherine A. Hampson of Clemons, Cosho
& Humphrey, Boise, for defendants-respondents.

HARGRAVES, Justice, Pro Tem.

Respondents listed certain real property for sale. Prior to August 1976, the parties here had negotiated for the purchase and sale of the property. The specifics of such prior negotiations are not particularly relevant.

On August 24, 1976, a contract was executed by respondents granting appellant an exclusive option to purchase the property upon payment by appellant of the sum of $1,000.00 which sum would be applied to the purchase price if the sale was completed.

On December 25, 1976, appellant exercised his option by delivering written notice to an agent of respondents pursuant to the agreement.

At this time and before appellant did not have the necessary $24,000.00 in his possession or account to complete the transaction. He was negotiating with others to arrange financing. By December 29, 1976, appellant was still without the required funds; but, he offered respondents his personal check for this amount explaining that there were not sufficient funds in his account to cover the check. It was proposed that respondents accept the check as payment but hold it until January 5, 1977.

Following this proposal, respondents consulted with their attorney and were advised that the Internal Revenue Service had opined that if the check were accepted in 1976 and cashed by January 5, 1977, the respondents would realize substantial tax

benefits by reason of the rules pertaining to installment sales. Appellant was aware of this taxation question and knew that respondents were very concerned about the matter. On the advice of their attorney and the opinion by the I.R.S., respondent agreed to accept the check, but only on the condition that appellant would deposit sufficient money in his personal account to enable respondents to cash the check no later than January 5, 1977. The parties understood that all other provisions of the original agreement were to remain in full force and effect.

On January 5, 1977, respondents went to their attorney's office to complete the transaction. They waited until approximately 4:45 p. m. At about that time appellant telephoned advising he had the money. It appears that at that time he had in his possession a check from Hoff Lumber Co., made payable to appellant and respondent, Orin Mayes, in the sum of $25,000.00. Appellant was informed that if he could not have the money deposited in his account in time to permit respondents to cash the check they were holding by the end of the banking hours of January 5, 1977, respondents would exercise their right to cancel the agreement. No funds were deposited by the end of banking hours on that day but some time after 6:00 p. m. (January 5), appellant went to respondents' home to tender the Hoff check, which tender was refused. Notwithstanding the refusal, however, appellant left the check with respondents over their objections.

Appellant thereafter filed this action for specific performance or, in the alternative, for damages, alleging that the facts support a finding that appellant substantially performed his part of the contract and that the respondents are in breach.

Respondents' motion for summary judgment was granted by the trial court, finding that:

1. Appellant had properly exercised the option by giving written notice before December 25, 1976.

2. Upon the exercise of the option there was a contract for sale of the property subject to a *condition precedent,* namely payment by appellant of the sum of $24,-000.00 on or before December 31, 1976.

3. The agreement was "modified" (by the parties) with relation to the payment due on or before December 31, 1976.

4. Failure of appellant to deposit $24,-000.00 by January 5, 1977, was a material breach of respondents' conditional acceptance of the "insufficient" check and hence a material breach of the contract, giving the respondents the right to revoke acceptance of the check and terminate the contract. Respondents retained the $1,000.00 paid for the option.

After summary judgment was entered in favor of respondents, the trial court also awarded costs and attorney fees pursuant to I.C. § 12–121.

Prior to a hearing on the merits in this case, the Court denied respondents' motion to dismiss the appeal. This Court is of the opinion, however, that at this time it is appropriate to re-examine the issue of timeliness of the appeal since the respondents' renewed their motion and presented argument on it at the hearing on appeal. Therefore, the previously entered order denying respondents' motion to dismiss is withdrawn.

Complaint was filed June 7, 1977. Answer and counterclaim was filed July 25, 1977. On August 31, 1977, appellant moved to strike or dismiss the counterclaim. After hearing on this motion, the same was denied September 23, 1977. Thereafter depositions were taken of the parties; and on February 23, 1978, respondents moved for summary judgment. This motion was taken under advisement; and on April 12, 1978, the trial court issued its "Memorandum Decision & Order Granting Motion for Summary Judgment." This order directed defendants' attorney to provide an appropriate form of judgment.

On *April 19, 1978*, "Summary Judgment for Defendants" was filed. The judgment recites generally that judgment is awarded in favor of defendants and against plaintiff; that the complaint is dismissed; and

that the defendants have costs and attorney fees.

On May 1, 1978, appellant moved for summary judgment in his favor and against respondents on the counterclaim. On May 17, 1978, the parties stipulated that the counterclaim be dismissed with prejudice; and on the same day the trial court heard arguments by counsel on appellant's motion to disallow costs. At this time defendants (respondents) were ordered "to prepare and submit an amended Judgment for Court to sign." On May 31, 1978, an instrument was filed, signed by the trial judge, entitled: "*Amendment to Summary Judgment for Defendants, as to attorney's fees only.*" This instrument recites that "the Summary Judgment for defendants entered the 19th day of April, 1978, *be amended as to attorney's fees only*" (our emphasis) to award reasonable attorney's fees in the amount of $2,000.00."

On June 23, 1978, an instrument entitled "Final Judgment" was filed which recites generally the matters heretofore referred to, and other than a reference to the "Order" of April 12, 1978, the stipulation of dismissal of the counterclaim, and the motion to disallow costs and attorney fees, is no different in substance from the judgment of April 19, 1978. The record on appeal does not disclose any intervening motion of any kind after the April 19, 1978, judgment except the motion to disallow costs.

From this state of the record we must now decide whether or not the Notice of Appeal filed June 28, 1978, was timely. The pertinent parts of Rule 14, Idaho Appellate Rules, provides that any appeal as a matter of right from the district court may be made *only* by physically filing a Notice of Appeal with the clerk of the district court within forty-two (42) days from the date evidenced by the filing stamp of the clerk of the court on any judgment . . . of the district court appealable as a matter of right . . . The Rule further provides:

"The time for an appeal from such judgment, . . . . is terminated by the filing of a timely motion which, if granted, could affect . . . the judgment (except motions under Rule 60 of the Idaho Rules of Civil Procedure or *motions regarding costs or attorneys fees*), . . ." (our emphasis)

No findings of fact were entered in this case, indeed, none were required. (See Rule 52(a), I.R.C.P., and *D & M Development Co. v. Sherwood and Roberts, Inc.*, 93 Idaho 200, 457 P.2d 439 (1969)). Appellant might have made a motion to alter or amend judgment pursuant to Rule 59(e), I.R.C.P., or to reconsider which has been recognized as a Rule 59(e) motion *Obray v. Mitchell*, 98 Idaho 533, 567 P.2d 1284 (1977), but neither a Rule 59(e) motion nor a Rule 60 motion was filed here.

Rule 54(b), I.R.C.P., provides in pertinent part:

"When more than one claim for relief is presented in an action, . . . as a . . . counterclaim . . . , the court may direct the entry of a final judgment upon one or more but less than all of the claims . . . only upon an express determination that there is no just reason for delay and upon an express direction for the entry of the Judgment. In the absence of such determination and direction [the judgment does not become a final judgment and proceedings are not terminated as to other claims or parties]."

We have had occasion, in other cases, to interpret this Rule. Our decisions have been uniform in requiring the express finding by the trial court as enunciated in the Rule and have uniformly held that where partial summary judgment has been granted, such judgment was not appealable in the absence of an express determination that there was no just reason for delay. See, for example, *Merchants, Inc. v. Intermountain Industries, Inc.*, 97 Idaho 890, 556 F.2d 366 (1976); *John Deere Company v. Kunzler*, 97 Idaho 921, 557 P.2d 199 (1976).

We have likewise held that a partial summary judgment is "final" and thus appealable when the trial court makes the determination required by the Rule requiring only such language in the summary judgment as

to show that the trial court was aware Rule 54(b), I.R.C.P., required a finding that there is no just reason for delay and that it made such a determination. *Athletic Round Table, Inc., v. Merrill*, 98 Idaho 852, 574 P.2d 540 (1978).

The judgment of April 19, 1978, was a "partial" summary judgment since at that time there was a yet unresolved counterclaim. However, the judgment provides, among other things, both a finding of no just reason for delay and an order that the judgment be entered. We hold that this language satisfies the requirements of Rule 54(b), I.R.C.P., and consequently was a final appealable judgment as defined by Rule 11(a)(2), Idaho Appellate Rules. It follows that the time for appeal commenced to run from April 19, 1978. Appellant having failed to file any post-judgment "tolling" motion as provided by Rule 14, I.A.R., and having failed to file this appeal within the time permitted by that Rule, respondents' motion for dismissal must be granted. It is unnecessary to consider other questions presented at the hearing on the merits. Appeal dismissed. Costs to respondents.

DONALDSON, C. J., SHEPARD, J., and MAYNARD, J. Pro Tem., concur.

DONALDSON, Chief Justice, specially concurring.

I agree with Judge Hargraves that this appeal must be dismissed since the requirement of Rule 14, I.A.R., is jurisdictional. However, I feel it is only proper to point out that the necessary finding for a final partial summary judgment, that there is "no just reason for delay," and the express direction for entry of the judgment was not in the form of a certificate. Neither was it placed in the final paragraph of the summary judgment of April 19, 1978, as is generally the case but rather in the introductory

paragraph. Furthermore, it was not mentioned in the judge's memorandum decision and order of April 12, 1978 granting the summary judgment and no motion for certification was made by either party. Thus, it was easily overlooked when this Court first considered the motion to dismiss. The amendment to Rule 54(b), I.R.C.P., which went into effect on May 1, 1979, requires that the certificate be placed immediately after the court's signature on the judgment, sets out the form that is to be used, and again requires the judge's signature on the affidavit. This requirement should obviate in the future any such confusion as arose in this case.

BISTLINE, J., dissenting.

I am unable to join in the Court's decision to dismiss the appeal as untimely filed—thereby terminating the action without reaching the merits of the appeal now, or ever. As we noted in *Bunn v. Bunn*, 99 Idaho 710, 587 P.2d 1245 (1978), the history of jurisprudence in Idaho, both before and after the advent of the "federal" rules of civil procedure, displays judicial policy of long standing in Idaho that controversial litigation be determined and disposed of each on its own particular facts, and it is no less so that there be a determination of appeals on their merits, not on technicalities. This rule was followed in *Neal v. Harris*, 100 Idaho 348, 597 P.2d 234 (1979) and in *Northwest Health Care, Inc. v. Idaho Department of Health and Welfare*, 99 Idaho 843, 590 P.2d 99 (1979).

There are now in the Idaho Reports a number of cases which should serve to illustrate that the Court is firmly committed to a stringent application of Rule 54(b), I.R.C.P., and piecemeal appeals are being regularly dismissed for noncompliance therewith.[1] The policy reasons were well stated

1. *Gleason v. Lavaterra*, No. 12669, dismissed by order on June 4, 1979; *Long v. Goodyear*, 100 Idaho 183, 595 P.2d 717 (1979); *Pichon v. L. J. Broekemeier*, 99 Idaho 598, 586 P.2d 1042 (1978); *Farber v. State*, 98 Idaho 928, 576 P.2d 209 (1978); *Athletic Round Table, Inc. v. Merrill*, 98 Idaho 852, 574 P.2d 540 (1978); *Baker v. Pendy*, 98 Idaho 745, 572 P.2d 179 (1977); *Rogers v. State*, 98 Idaho 742, 572 P.2d 176 (1977); *Silver Sage Ranch, Inc. v. Lawson*, 98 Idaho 707, 571 P.2d 768 (1977); *Twin Falls County v. Knievel*, 98 Idaho 321, 563 P.2d 45 (1977); *Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976); *John Deere Co. v. Kunzler*, 97 Idaho 921, 557 P.2d 199 (1976); *Merchants, Inc. v. Intermountain*

in *Merchants, Inc. v. Intermountain Industries, Inc.*, 97 Idaho 890, 556 P.2d 366 (1976).

It should now be abundantly clear that, even where that certification has been obtained, this Court is not obsequiously obligated to entertain the appeal, but may conclude that the certification was improvidently granted for which reason it will be set aside and the appeal dismissed. *Pichon v. L. J. Broekemeier*, 99 Idaho 598, 586 P.2d 1042 (1978); *Christensen v. Potratz*, 100 Idaho 352, 597 P.2d 595 (1979).

In *Pichon* the Court pointedly stated that certification in accordance with Rule 54(b) is not a matter of courtesy from court to counsel, not a matter of mere accommodation. The Court there speaking through Chief Justice Shepard, quoted Judge Hastie of the Third Circuit Court of Appeals in *Panichella v. Pennsylvania R.R.*, 252 F.2d 452, 455 (3d Cir. 1958):

> "[O]rdinarily an application for a Rule 54(b) order requires the trial judge to exercise considered discretion, weighing the overall policy against piecemeal appeals against whatever exigencies the case at hand may present. Indeed, the draftsmen of this Rule have made explicit their thought that it would serve only to authorize 'the exercise of a discretionary power to afford a remedy in the infrequent harsh case . . . .' 28 U.S.C.A., Federal Rules of Civil Procedure 118–119 note. It follows that 54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel. The power which the Rule confers upon the trial judge should be used only 'in the infrequent harsh case' as an instrument for the improved administration of justice and the more satisfactory disposition of litigation in the light of the public policy indicated by statute and rule." 99 Idaho at 602, 586 P.2d at 1046.

The court went on to add that the record in *Pinchon* did not reflect any hardship or injustice that would be suffered if a Rule 54(b) certification were not made.

Significantly, *Panichella* was steadfastly adhered to by the Third Circuit Court seventeen years later in *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (1975), cited and relied upon by this Court in *Merchants, Inc., supra*, at p. 892 of 97 Idaho, 556 P.2d 366. In *Allis-Chalmers*, although the appeal was dismissed, the Circuit Court also directed the vacating of the order of certification—thus depriving the summary judgment of any degree of finality—in marked contrast to the Court's action today.

In *Potratz* the Court carefully explained that there may be, and were in that case, cogent reasons .for not putting the final stamp of finality on a summary judgment. *Dawson v. Mead*, 98 Idaho 1, 557 P.2d 595 (1976) serves as a "laboratory experiment" illustrating that same point. There the trial court granted a summary judgment on one issue of a multiple-issue, multiple-party lawsuit, but thereafter, on hearing all the evidence, a final judgment of the entire controversy was entered which in essence nullified or reversed the summary judgment. The rule contemplates that such may happen.

In *Merchants, Inc. v. Intermountain Industries, supra*, in dismissing for lack of certification, we observed that neither party had requested certification and that one "might have done so in order to activate the running of appeal," and the other might have so done "in order to lay a foundation for its appeal." 97 Idaho at 892, 556 P.2d at 368. In discussing policy reasons for requiring adherence to the rule, we mentioned that the improper appeal in that case relegated the rights of fifteen parties on four other claims to lie in limbo for 18 months. "Had the underlying case been permitted to go forward, by now the issue before us might well have become moot." Of singular importance to our case *sub judice*, we

---

Industries, Inc., 97 Idaho 890, 556 P.2d 366 (1976); *Soderman v. Kackley*, 97 Idaho 850, 555 P.2d 390 (1976); *Sangster v. Spangler*, 97 Idaho 186, 541 P.2d 610 (1975); *Southland Produce Company v. Belson*, 96 Idaho 776, 536

P.2d 1126 (1975); *Viani v. Aetna Insurance Company*, 95 Idaho 22, 501 P.2d 706 (1972); *Rawlings v. Layne and Bowler Pump Co.*, 93 Idaho 496, 465 P.2d 107 (1970); and *Gerry v. Johnston*, 85 Idaho 226, 378 P.2d 198 (1963).

followed with the statement prophetic to *Pichon* that:

"It is for this reason that some courts not only require that the conclusory language of 54(b) be met, but also insist on a reasoned statement substantiating the lower court's certification, so that this decision, too, can be reviewed for abuse of discretion. *Gummer v. Shearson, Hammill & Co., Inc.*, 516 F.2d 283 (2d Cir. 1975); *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360 (3d Cir. 1975). *See* also, 'Entry of Final Judgment under Rule 54(b) of the Federal Rules of Civil Procedure: the Third Circuit Imposes a Requirement of a Statement of Reasons,' 56 B.U.L.Rev. 579–599."

*Merchants, Inc. v. Intermountain Industries, Inc.*, 97 Idaho at 892, 556 P.2d at 368.

In *Pichon* the Court *sua sponte* made a review of the order of certification and found an abuse of discretion. In that case the Court was put to the task of making an independent review of the entire record, not an easy task, and one which would not have been necessary had there been *the reasoned statement substantiating the certification* mentioned in *Merchants, Inc.* This is not to suggest that the district courts should bear the entire brunt of coming forth with a reasoned statement. That should also be the responsibility of counsel—not just the counsel who seeks certification, but all counsel for all involved parties. Certification is not a mere ministerial act, but may be and most often is a matter of some moment. As pointed out in *Merchants, Inc.*, one party may desire it so that his adversary is put under the gun, *i. e.*, required to take his appeal, or lose his right of appeal. However, the adversary may be possessed of cogent reasons for not wanting to be precipitated into an appeal. Certain it is that the adversary may very well want to be heard on the issue of granting certification. Equally certain, notions of due process and fundamental fairness require that there at least be afforded an opportunity to be heard. The very recent opinion of this Court in *Christensen v. Potratz, supra*, serves well to illustrate the prejudice

to which a party may be exposed where certification is cordially granted at the *ex parte* request of one litigant without any notice to or opportunity to be heard in the other. Certification is not a mere ministerial function, but is judicial in nature and it is obtainable by *order* of the court. A court "orders" only responsive to a motion or petition. A motion for certification should not be entertained by the trial court without a record showing notice to adverse counsel and the presentation of an opportunity to be heard. In such manner will the trial court be given the benefit of argument by counsel, by reason of which the court will be better able to give a reasoned statement substantiating the decision to certify.

The trial court, rather than merely endorsing a certificate in the conclusory language of the rule, by the very process of setting forth the reasons which persuade him to grant the request, may the better comprehend the various factors, pro and con, which have been advanced by counsel or which independently appear to the court. An order granting certification would certainly be subject to motion for reconsideration should either party desire to point out fallacies in the court's reasoning. Secondly, as pointed out in *Merchants, Inc.*, and evidenced in real life in *Pichon* and *Christensen*, this Court on appeal can only then readily review the reasons which motivated the court to believe that the issue determined by the summary judgment is ripe for appeal, with compelling reasons why it should be moved on ahead of the remainder of the action.

Here, of course, we have the flip side of the coin. Today the Court does not dismiss for failure of certification, as has so often been the case, but dismisses because there has been certification, and it is said that too much time has gone by from the time of certification until the taking of the appeal. The opinion of the Court, taken together with the special concurrence, sets forth that which has taken place and that which must be examined with an eye to requirements of due process and fundamental fairness, and our long standing judicial policy of reaching

the merits where possible, as reiterated in *Bunn v. Bunn, supra.*

The Court's opinion states that "the judgment provides, among other things, both a finding of no just reason for delay and an order that judgment be entered." The special concurrence points out, however, that such "was not in the form of a certificate. Neither was it placed in the final paragraph of the summary judgment . . . as is generally the case but rather in the introductory paragraph. Furthermore, it was not mentioned in the judge's memorandum decision . . . granting the summary judgment and no motion for certification was made by either party."

The opinion of the Court correctly states that prior to the hearing of oral argument, the motion to dismiss—which today is granted—was earlier denied. The special concurrence adds that the certification "was easily overlooked when this Court first considered the motion to dismiss." The Court's opinion says, however, "it is appropriate to re-examine the issue of the timeliness of the appeal," and easily disposes of the Court's previous order denying the motion to dismiss by declaring it "withdrawn." To the foregoing should be added only that the certification, if it may be truly called that, is not by order of the trial court, but appears in what is generally the "recitals" paragraph of the judgment, a singularly unusual place indeed in which to find it, and where it was not initially found by five members of this Court replete with staff in first denying the motion to dismiss, and only discovered by the present panel after the hearing on oral argument when the respondent continued to press the motion notwithstanding that it had been ruled on, and there not being any motion for reconsideration from the time of denial on September 27, 1978, until March 13, 1979.

On such a state of the record—no motion for certification, no hearing on the issue, and there being no reasoned statement why certification was proper or any indication that the trial court realized his obligation "to exercise considered discretion" [2] and it

appearing more likely than not that the trial court in signing the judgment, having no reason to do so, did not closely read the recitals paragraph of the judgment—the Court today, in the interests of justice and fair play, should follow the precedent of *Pichon v. L. J. Broekemeier*, 99 Idaho 598, 586 P.2d 1042 (1978) and *Christensen v. Potratz*, 100 Idaho 352, 597 P.2d 595 (1979), and vacate that much of the judgment which purports to be in compliance with Rule 54(b), but which falls way short of the mark.

This Court in *Pichon* approved wholeheartedly the Third Circuit Court's practices relative to Rule 54(b) certifications. There is no valid reason for not continuing to do so.

"For lack of a competent Rule 54(b) certification, and therefore, for lack of finality, the appeal will be dismissed with a direction to the district court that it vacate so much of its July 19, 1974, order as entered judgment pursuant to Rule 54(b). The case will be remanded to the district court for further proceedings consistent with this opinion. Each party to bear its own costs."

*Allis-Chalmers v. Philadelphia Electric Co.*, 521 F.2d 360, 367 (3d Cir. 1975).

---

2. The judgment in this case was entered prior to *Pichon.*