599 P.2d 302 (1979)
100 Idaho 41
Mervin KIFER, as general guardian of Mervin Kifer, Jr., a minor, Plaintiff-Appellant,
v.
SCHOOL DISTRICT NO. 394, Defendant-Respondent,
Stephen Stanley and Phillip Stanley, Defendants.
No. 12511.
Supreme Court of Idaho.
September 12, 1979.
Jerrold E. Park, St. Maries, for plaintiff-appellant.
Phillip M. Barber of Elam, Burke, Jeppesen, Evans & Boyd, Boise, for defendant-respondent.
Before SHEPARD, C.J., McFADDEN, DONALDSON and BISTLINE, JJ., and SCOGGIN, J. Pro Tem.
PER CURIAM.
This appeal must be dismissed for noncompliance with I.R.C.P. 54(b). Only the defendant school district moved for and was granted summary judgment. The complaint named three defendants: the school district; the teacher, Stephen Stanley; and Phillip Stanley, the superintendent of the school district. Judgment of dismissal was entered only in favor of defendant school district. The necessary certification is not present in the appeal record, and hence this Court is without jurisdiction.
The motion for summary judgment was heard on December 10, 1976, at which time, according to the court minutes, the ruling of the trial court was that the motion was granted. Thereafter a judgment was prepared by counsel for defendant school district, submitted for signature and entered on January 4, 1977.
*303 Such a judgment was clearly within the following language of I.R.C.P. 54(b), which then provided:
"In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates less than all the claims shall not terminate the action as to any of the claims, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims."
Dawson v. Mead, 98 Idaho 1, 557 P.2d 595 (1976) serves well to illustrate the evenhandedness of the rule. There a motion for summary judgment was granted, and the trial court, following trial on the merits, did precisely what the rule contemplates may be done. Where the summary judgment was not final by reason of there being no certification that the court expressly determined that there was no reason for delay and no express direction for the entry of the judgment, "the summary judgment was subject to revision" and it was revised by the district court, affirmed on appeal.
In Merchants, Inc. v. Intermountain Industries, Inc., 97 Idaho 890, 556 P.2d 366 (1976) there was no certification, and the Court specifically pointed out that there was no suggestion that either party requested certification, although the appellant there might have so requested it in order to lay a foundation for its appeal and the respondent might have done so in order to activate the running of appeal time.
In Intermountain, supra, the Court quoted from Gerry v. Johnston, 85 Idaho 226, 378 P.2d 198 (1963):
"`Under our rules and in the furtherance of orderly administration of justice it is necessary that the trial court make a specific finding that there is no just reason for delay and thereafter expressly direct entry of judgment. Failure to observe this rule precludes the judgment from being final.' 85 Idaho at 230, 378 P.2d at 201."
97 Idaho at 892, 556 P.2d at 368.
It was further stated in Intermountain that the appellant was in no way prejudiced by the dismissal since, as thereafter did happen in Dawson v. Mead, supra, the dismissal "is not a final judgment, [and] it remains `subject to revision at any time before the entry of judgment adjudicating all the claims.' I.R.C.P. 54(b)." Intermountain, 97 Idaho at 893, 556 P.2d at 369.
The Court has acted consistently in dismissing partial final dispositions for lack of certification, and has also dismissed where the Court concluded certification was improperly granted. Pichon v. L.J. Broekemeier, Inc., 99 Idaho 598, 586 P.2d 1042 (1978).
The most recent cases dismissing are Long v. Goodyear, 100 Idaho 183, 595 P.2d 717 (1979), and Gleason v. Lavaterra, No. 12669, dismissed by order on June 4, 1979.
Appeal dismissed. No costs allowed.
SHEPARD, Justice, dissenting.
In the usual and ordinary course of events, and in an ordinary and usual case, I would be inclined to join the majority and dismiss the appeal. I believe that this case, however, is neither usual nor ordinary. As indicated in the title of the cause, this action, insofar as reflected in the record, is between plaintiff-appellant and defendant-respondent. The record does not reveal any service of process on any other person (although the majority denominates one Steven Stanley as a co-defendant), and no other person, insofar as the record indicates, has made an appearance.
Whether or not there were or are other parties to the proceedings below was neither mentioned in the briefs of the parties nor argued on this appeal. Neither party addresses the appealability of the judgment with prejudice which was entered by the trial court in favor of defendant-respondent School District.
I am at a loss to understand the posture which the case will assume on the issuance of this Court's remittitur. The trial court has rendered judgment in favor of the only party before this Court (and, insofar as we know, the only party before the trial court). Evidently, the cause is to remain in limbo forever or the plaintiff must now produce a *304 party before the trial court (assuming the statute of limitations has not run), attempt to litigate, being aware at all times that he has already lost what is apparently the only deep-pocket defendant.
If the merits of the cause were to be reached, I would hold that the trial court erred in the selection of the ground on which summary judgment was based. Here, the record does not disclose if the trial court gave consideration to the minority of the Kifer boy. As indicated in Larson v. Emmett Joint School Dist. No. 221, 99 Idaho 120, 577 P.2d 1168 (1978), minority and incapacity are factors required to be considered in the ascertainment of when a claim against a political subdivision of the state reasonably should have been discovered.
In my opinion, however, the respondent School District correctly asserts that the order of the trial court is nonetheless correct on an alternative theory and, hence, should be affirmed. See, e.g., Robison v. Compton, 97 Idaho 615, 549 P.2d 274 (1976); City of Weippe v. Yarno, 96 Idaho 319, 528 P.2d 201 (1974). I.C. § 6-904(4) excepts a governmental entity from liability for any claim which "[a]rises out of assault, battery, false imprisonment, false arrests, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Although this provision of the statute has not yet been interpreted, see Haeg v. City of Pocatello, 98 Idaho 315, 563 P.2d 39 (1977); Ralphs v. City of Spirit Lake, 98 Idaho 225, 560 P.2d 1315 (1977), it is virtually identical to 28 U.S.C. § 2680(h) prior to the amendment of the federal statute in 1974.
The language "arises out of" has been construed by several federal courts in factual contexts reasonably similar to that presented here. I find such reasoning persuasive. In Collins v. United States, 259 F. Supp. 363 (E.D.Pa. 1966), the plaintiff had been pushed, hit, and struck by an employee of the Post Office. He had alleged that the government was negligent in hiring and retaining an employee when it knew of his violent propensities. The court stated:
"Plaintiff argues that his claim is not founded on the assault and battery, but rather on the negligence of the Government. We have found no case reaching this precise question, nor is the legislative history at all helpful. We are left, then, with the words of the Act as our only guide. It is true that the claim here is predicated on negligence. However, that negligence would have been without legal significance absent the alleged act of Brosz. Without that, there would have been no actionable negligence. It was the attack which served to attach legal consequences to defendant's alleged negligence. Congress could easily have accepted claims for assault. It did not; it used the broader language excepting claims arising out of assault. It is plain that the claims arose only because of the assault and battery, and equally plain that it is a claim arising out of the assault and battery. This being so, the United States has not waived its immunity as respects this claim." Id. at 364. (Emphasis in original.)
Neither the theory upon which plaintiff proceeds nor the precise language of the pleading is decisive. Rather, the controlling factor is whether the claim arises out of an assault. Lambertson v. United States, 528 F.2d 441 (2d Cir.), cert. denied, 426 U.S. 921, 96 S.Ct. 2627, 49 L.Ed.2d 374 (1976); Gaudet v. United States, 517 F.2d 1034 (5th Cir.1975); Blitz v. Boog, 328 F.2d 596 (2d Cir.), cert. denied, 379 U.S. 855, 85 S.Ct. 106, 13 L.Ed.2d 58 (1964); Coffey v. United States, 387 F. Supp. 539 (D.Conn. 1975); Nichols v. United States, 236 F. Supp. 260 (N.D.Miss. 1964).
In the instant case, it is clear to me that the claim of the plaintiff against the School District is one which "arises out of assault" and, therefore, is barred by the provisions of I.C. § 6-904(4). I would affirm the judgment entered by the trial court.
SCOGGIN, J. Pro Tem., concurs.