615 P.2d 128

LOOMIS, INC., Plaintiff and
Counterdefendant-Respondent,

v.

Audrie B. CUDAHY, Defendant,
Counterclaimant and Third
Party Plaintiff-Appellant,

v.

John R. SMITH, Ronald W. Liese, Liese &
Associates Insurance Inc.; and United
Pacific Insurance Co., Third Party De-
fendants.

Ronald W. LIESE and Liese & Associates
Insurance Inc., Counterclaimants,

v.

John R. SMITH and United Pacific
Insurance Co., Counterdefendants.

No. 13072.

Supreme Court of Idaho.

Aug. 6, 1980.

Victor J. Rolzitto, Ketchum, Michael J. Leech, William J. Holloway, Douglas M. Reimer, Chicago, Ill., for defendant, counterclaimant and third party plaintiff-appellant.

Willis B. Benjamin of Kneeland, Laggis, Korb, Collier & Benjamin, Ketchum, for plaintiff and counterdefendant-respondent.

SHEPARD, Justice.

This is an appeal from a summary judgment in favor of plaintiff-respondent Loomis foreclosing a mechanic's lien against the home of defendant-appellant Cudahy. We reverse and remand.

Cudahy hired Simth, an architect, to design and supervise the construction of a house. Upon the recommendation of Smith, a contract was entered into with one Griffin for the construction of the house. Griffin was required to furnish a performance bond in connection with his contract to construct the house and that performance bond was issued by Ronald W. Liese and Liese & Associates Insurance, Inc. purportedly as agents for United Pacific Insurance Company. Griffin defaulted on his construction contract and failed to complete the building. Loomis, Inc. contracted to complete materials basis, and did so complete the structure according to the specifications, except for certain portions which were allegedly not completed because of weather. Griffin's original contract price for the construction of the house was $45,-015.22. The asserted cost of the structure, as partially built by Griffin and completed by Loomis, was $71,610.02.

When Loomis was not paid the amount of approximately $14,000.00 as his final bill for the completion of the structure, he filed the instant action seeking to foreclose a mechanic's lien against the Cudahy property. Cudahy filed a counterclaim against Loomis for the completion of the structure and also alleged Loomis used poor workmanship. Cudahy also filed a third party complaint against the architect Smith alleging malpractice and breach of contract, and against Liese, Liese Associates Insurance Company, and United Pacific Insurance Company, asserting liability under the performance bond obligation issued in connection with the Griffin contract. Upon motion therefor, Loomis, Inc. was granted summary judgment foreclosing the mechanic's lien on the Cudahy residence.

■ At the outset, respondent Loomis argues that the summary judgment issued in favor of Loomis is not appealable and hence this appeal should be dismissed. We disagree. An order or judgment must be final to be appealable. I.A.R. 11. Partial summary judgments, however, must be certified in conformance with I.R.C.P. 54(b) to be appealable, *Kifer v. School Dist. No. 394*, 100 Idaho 41, 599 P.2d 302 (1979); *Long v. Goodyear Tire & Rubber Co.*, 100 Idaho 183, 595 P.2d 717 (1979). In this case, we find the district court's judgment to be final and appealable.

An order or judgment is determined to be appealable by its content and substance, not by its title. *Idah-Best, Inc. v. First Security Bank*, 99 Idaho 517, 584 P.2d 1242 (1978). In *Idah-Best*, we held that a self-styled "partial summary judgment" was a final judgment and appealable. We noted that the judgment disposed of all substantive issues, determined liability and the amount of damages, awarded interest on the judgment and further issued a stay of execution. There the court noted that a stay of execution would have been unnecessary and inappropriate unless the judgment was final.

We find the decision in *Idah-Best* applicable in the case at bar. Here, the judgment resolved all substantive issues, awarded a money judgment, awarded interest and attorney fees, the court issued a stay of execution, and vacated a trial setting for the resolution of the issues raised by the counterclaim and the third party complaint pending the resolution of this appeal.

■ As to the merits of the entry of summary judgment, we hold that the trial court erred. Summary judgment should issue only if the pleadings, depositions and affidavits present no genuine issue as to any material fact. *Gavica v. Hansen*, 101 Idaho 58, 608 P.2d 861 (1980); *Casey v. Highlands Ins. Co.*, 100 Idaho 505, 600 P.2d 1387 (1979); I.R.C.P. 56(c). Upon motion for summary judgment, all facts and reasonable inferences which might flow therefrom are to be construed most strongly in favor of the party against whom summary judgment is sought. *Gavica v. Hansen, supra; Palmer v. Idaho Bank & Trust*, 100 Idaho 642, 603 P.2d 597 (1980). In the instant case, it is clear that the district judge granted summary judgment on the basis that both Liese, the bondsman, and Smith, the architect, were the agents of

Cudahy and that one or both of them had made statements on the record indicating their agreement with the claim of Loomis against Cudahy. Therefore, the court reasoned that Cudahy was bound by those statements and summary judgment was appropriate. We disagree.

When the record and the inferences arising therefrom are viewed most strongly in favor of Cudahy, it could be concluded that the agreement for the completion of the house by Loomis was entered into by Liese under his liability on the performance bond and Griffin's failure to perform. We are unprepared to hold that any actions of Liese pursuant to that performance bond liability would necessarily result in a principal-agency relationship between Liese and Cudahy as a matter of law. Clearly, that performance bond liability on the part of Liese arose at the time of Griffin's default and prior to the performance of any work by Loomis. Whether an agency relationship existed between Liese and Cudahy at the time of Loomis's agreement to complete the structure and during the time of the completion and thereafter is a question to be resolved by the trier of fact. *Clark v. Gneiting*, 95 Idaho 10, 501 P.2d 278 (1972). The resolution of that issue of fact on summary judgment was improper.

Reversed. Costs to appellant.

DONALDSON, C. J., and McFADDEN, J., concur.

BAKES, Justice, dissenting:

The judgment not being certified as final under I.R.C.P. 54(b), I would dismiss the appeal. *Kifer v. School Dist. No. 394*, 100 Idaho 41, 599 P.2d 302 (1979).

BISTLINE, J., concurs.