## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

### Docket No. 34677

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2008 Unpublished Opinion No. 603 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: August 13, 2008 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| MICHAEL RONALD REESE CRABTREE, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Thomas F. Neville, District Judge.

Judgment of conviction and unified sentence of five years, with two years determinate, for aggravated assault, <u>affirmed</u>.

Molly J. Huskey, State Appellate Public Defender; Heather M. Carlson, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kenneth K. Jorgensen, Deputy Attorney General, Boise, for respondent.

_____

PER CURIAM

Michael Ronald Reese Crabtree was charged with aggravated assault, I.C. §§ 18-901(a), 18-905(a) and misdemeanor charges of leaving the scene of an accident involving damage to a vehicle, I.C. § 49-1301, and driving without privileges, I.C. § 18-8001(3). After a jury trial, Crabtree was convicted of all three charges and was sentenced to a unified term of five years, with two years determinate, for aggravated assault. For the misdemeanor charges of leaving the scene of an accident and driving without privileges, Crabtree was sentenced to 180 days for each count, ordered to run concurrently with each other and with the aggravated assault sentence. Crabtree appeals, contending that the district court abused its discretion by imposing an excessive sentence.

Where a sentence is within the statutory limits, it will not be disturbed on appeal absent an abuse of the sentencing court's discretion. *State v. Hedger*, 115 Idaho 598, 604, 768 P.2d

1

1331, 1337 (1989).  We will not conclude on review that the sentencing court abused its discretion unless the sentence is unreasonable under the facts of the case.  *State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992).  In evaluating the reasonableness of a sentence, we consider the nature of the offense and the character of the offender, applying our well-established standards of review.  *See State v. Hernandez*, 121 Idaho 114, 117-18, 822 P.2d 1011, 1014-15 (Ct. App. 1991); *State v. Lopez*, 106 Idaho 447, 449-51, 680 P.2d 869, 871-73 (Ct. App. 1984); *State v. Toohill*, 103 Idaho 565, 568, 650 P.2d 707, 710 (Ct. App. 1982).  When reviewing the length of a sentence, we consider the defendant's entire sentence.  *State v. Oliver*, 144 Idaho 722, 170 P.3d 387 (2007).

Applying the foregoing standards and having reviewed the record, we conclude that the district court did not abuse its discretion by imposing the sentence.  Accordingly, Crabtree's judgment of conviction and sentence are affirmed.