**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41740**

| | | |
|---|---|---|
| **PETER TREJO MORA,** | ) | **2015 Opinion No. 61** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: October 1, 2015** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Canyon County. Hon. Molly J. Huskey, District Judge.

Order partially dismissing petition for post-conviction relief, <u>affirmed</u>.

Peter Trejo Mora, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GUTIERREZ, Judge

Peter Trejo Mora appeals from the district court's order partially dismissing his petition for post-conviction relief. Specifically, Mora argues the district court erred in dismissing his claims of ineffective assistance of counsel. For the reasons discussed below, we affirm.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Mora pled guilty and was convicted of rape in August 2012. No appeal was filed. Mora filed an Idaho Criminal Rule 35 motion, which was denied by the district court. Again, no appeal was filed. Mora subsequently filed a petition for post-conviction relief, alleging his trial counsel was ineffective for failing to file an appeal when requested, failing to properly investigate the case, failing to file a motion to suppress evidence, wrongfully advising Mora to enter into a guilty plea, and failing to communicate with and properly advise Mora. The district court filed a notice of intent to dismiss Mora's petition. Mora's post-conviction counsel filed an

1

objection to the notice of intent, but only addressed the first issue concerning an appeal. The district court summarily dismissed the unaddressed claims because the objection failed to state any facts to support those claims. After an evidentiary hearing on the appeal issue, the district court concluded that trial counsel was indeed ineffective in failing to file a notice of appeal, and the district court granted post-conviction relief on that specific claim. A final judgment was entered, and Mora timely appealed. The district court appointed the State Appellate Public Defender (SAPD) to represent Mora in his appeal. However, the SAPD filed a motion to withdraw, which the Idaho Supreme Court granted.

## II.

## ANALYSIS

Mora appeals pro se from the district court's order partially dismissing his petition for post-conviction relief. He argues the district court erred in dismissing his claims of ineffective assistance of trial counsel. For the first time on appeal, Mora argues his post-conviction counsel and appellate counsel provided ineffective assistance.

A petition for post-conviction relief initiates a proceeding that is civil in nature. Idaho Code § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

If a district court determines claims alleged in a petition do not entitle a petitioner to relief, the district court must provide notice of its intent to dismiss and allow the petitioner

2

twenty days to respond with additional facts to support his or her claims. I.C. § 19-4906(b); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1204, 1206 (Ct. App. 2006). The district court's notice should provide sufficient information regarding the basis for its ruling so as to enable the petitioner to supplement the petition with the necessary additional facts, if they exist. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004). Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *Sanchez v. Arave*, 120 Idaho 321, 322, 815 P.2d 1061, 1062 (1991).

## A.      Trial Counsel

Mora contends the district court erred when it dismissed all but one of his claims for ineffective assistance of trial counsel. Specifically, the district court dismissed the following claims: ineffective assistance of counsel for failing to properly investigate the case, for failing to file a motion to suppress evidence, for wrongfully advising Mora to enter into a guilty plea, and for failing to communicate with and properly advise Mora. The district court concluded that Mora failed to allege any facts to establish deficient performance for these four claims. This Court agrees. Mora's petition and attached affidavit are void of facts and instead contain bare conclusions. His objection to the notice of intent to dismiss does not correct these deficiencies. Merely alleging that counsel failed to properly investigate, failed to file a motion to suppress, wrongfully advised, failed to communicate, and failed to properly advise, without facts to support such claims, is insufficient. The district court correctly determined that Mora did not establish a prima facie case for his ineffective assistance of trial counsel claims.

## B.      Post-Conviction Counsel

Mora further argues for the first time on appeal that he received ineffective assistance of post-conviction counsel. Specifically, Mora alleges that his post-conviction counsel was ineffective by failing to respond to all the issues in the district court's notice of intent to dismiss. However, there is no constitutionally protected right to the effective assistance of counsel in post-conviction relief proceedings and such an allegation, in and of itself, is not among the permissible grounds for post-conviction relief. *See Murphy v. State*, 156 Idaho 389, 396, 327 P.3d 365, 572 (2014); *Follinus v. State*, 127 Idaho 897, 902, 908 P.2d 590, 595 (Ct. App. 1995). Accordingly, this claim is not properly before the Court.

## C.    Appellate Counsel

Finally, Mora contends for the first time on appeal that the SAPD provided ineffective assistance of appellate counsel by failing to file an *Anders* brief when it withdrew from his appeal and by failing to pursue his claims of ineffective assistance of post-conviction counsel.[1] However, as discussed, Mora does not have a constitutional right to effective assistance of post-conviction counsel.  Moreover, because Mora "has no underlying right to appointed counsel in state postconviction proceedings," he "has no constitutional right to insist on the *Anders* procedures which were designed solely to protect that underlying constitutional right." *Freeman v. State*, 131 Idaho 722, 724, 963 P.2d 1159, 1161 (1998).  Therefore, this claim is also not properly before the Court and lacks merit.

## III.

## CONCLUSION

The district court properly determined that Mora did not present a prima facie case for ineffective assistance of trial counsel.  Mora's claims of ineffective assistance of post-conviction and appellate counsel, raised for the first time on appeal, are without merit.  Thus, we affirm the district court's order partially dismissing Mora's petition for post-conviction relief.

Chief Judge MELANSON and Judge GRATTON **CONCUR**.

---

[1]    In *Anders v. California*, 386 U.S. 738 (1967), the United States Supreme Court held that the role as appellate advocate requires that a court-appointed attorney support the client's appeal to the best of the attorney's ability, and even if the attorney finds no meritorious basis for the appeal, he or she is not free to simply abandon the appeal and do nothing.  Counsel is first required to conduct a "conscientious examination" of the case.  *Id.* at 744.  If after such examination the attorney finds the appeal to be wholly frivolous, the attorney may advise the court and request permission to withdraw.  However, that request must "be accompanied by a brief referring to anything in the record that might arguably support the appeal." *Id.*; *see also Penson v. Ohio*, 488 U.S. 75, 80-82 (1988).