# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 43336

| | | |
|---|---|---|
| **JOHNNY JAY DIAMOND,** | ) | **2016 Opinion No. 59** |
| | ) | |
| **Petitioner-Appellant,** | ) | **Filed: September 12, 2016** |
| | ) | |
| **v.** | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | |
| | ) | |
| **Respondent.** | ) | |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Twin Falls County. Hon. G. Richard Bevan, District Judge.

Judgment summarily dismissing petition for post-conviction relief, <u>reversed</u> and <u>case remanded</u>.

Eric D. Fredericksen, Interim State Appellate Public Defender; Justin M. Curtis, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ted S. Tollefson, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Johnny Jay Diamond appeals from the district court's judgment summarily dismissing his petition for post-conviction relief. We reverse the judgment and remand the case for further proceedings.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Diamond pled guilty to aiding and abetting robbery, Idaho Code §§ 18-204, 18-306, 18-6501, 18-6502. The sentencing court placed Diamond on probation. Diamond appealed, and this Court affirmed his judgment of conviction and sentence. *See State v. Diamond*, Docket No. 34554 (Ct. App. May 7, 2008) (unpublished). Diamond violated his probation by failing to pay restitution. The sentencing court entered an order revoking his probation and imposing his sentence. Diamond did not appeal the sentencing court's order revoking probation.

1

Diamond filed a pro se petition for post-conviction relief, seeking release and alleging his continued incarceration violated the Eighth Amendment and his trial counsel was ineffective for failing to file an appeal. The district court appointed counsel and ordered Diamond to amend his petition. The court's order required the amended petition to "1) fully comply with the required format of I.C.R. 57(a); 2) *specifically* set forth the grounds upon which the [petition] is based; and 3) *clearly* state the relief desired as required by Idaho Code § 19-4903."

Diamond amended his petition. The amended petition stated that Diamond had appealed his judgment of conviction and sentence, incorporated his original petition and affidavit into the amended petition by reference, and requested that the district court vacate his order of commitment and place him back on probation. Further, the amended petition added a claim that Diamond's trial counsel was ineffective for failing to inform him that his inability to pay restitution would be a defense to his probation violation.

The State answered the amended petition, asserting "that the incorporation of the original pro-se Petition and Affidavit [would be] inappropriate" in light of the court's order and requesting "that the Court not consider the prior filing."

The district court noticed its intent to dismiss the amended petition. The court noted that the amended petition contained "one claim: that [Diamond] was never advised that inability to pay was a defense to a probation violation for failure to pay restitution." The court explained its intent to dismiss that claim, noting that the record contradicted Diamond's claim that his counsel had not informed him that his inability to pay restitution would be a defense to his probation violation. The court did not say anything about the claims incorporated by reference into the amended petition.

Diamond responded to the district court's notice of intent to dismiss, addressing the court's argument regarding the claim raised in the amended petition. Diamond's response also stated that the amended petition "incorporated his original Petition and Affidavit," but did not challenge the court's conclusion that his amended petition contained only one claim.

The district court dismissed Diamond's amended petition, finding Diamond's response regarding the claim raised in the amended petition to be "bare and conclusory." The court did not say anything about the claims incorporated by reference into the amended petition. Diamond timely appeals.

2

## II.

## ANALYSIS

Diamond asserts the district court erred in summarily dismissing his amended petition without addressing the claims raised in his original petition and incorporated by reference into his amended petition. A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the court is free to arrive at the

most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

If a district court determines claims alleged in a petition do not entitle a petitioner to relief, the court must provide notice of its intent to dismiss and allow the petitioner twenty days to respond with additional facts to support his or her claims. I.C. § 19-4906(b); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1201, 1206 (Ct. App. 2006). The court's notice of intent to dismiss should provide sufficiently particular information regarding the basis for its ruling so as

to enable the petitioner to supplement the petition with the necessary additional facts, if they exist. *Newman v. State*, 140 Idaho 491, 493, 95 P.3d 642, 644 (Ct. App. 2004).

Here, the amended petition expressly set forth only one claim: that Diamond's trial counsel was ineffective for failing to inform him that his inability to pay restitution would be a defense to his probation violation. However, the amended petition incorporated by reference the claims in the original petition. Although the district court's notice of intent to dismiss addressed the claim raised in Diamond's amended petition, it did not address the claims raised in the original petition and incorporated by reference into the amended petition. Thus, Diamond asserts the notice of intent to dismiss failed to specify the basis for dismissal or address with particularity the deficiencies in each of his claims. Accordingly, Diamond asserts the notice of intent to dismiss was insufficient to allow him a meaningful opportunity to respond to the intended dismissal.

While it appears the intent of the district court's order requiring Diamond to amend his original petition was for Diamond to clearly and specifically set out all of his claims in his amended petition, the court did not prohibit Diamond from incorporating his original petition into his amended petition. Moreover, despite the State's explicit objection to the incorporation, the court did not address the incorporation in either the notice of intent to dismiss or order summarily dismissing Diamond's petition. *See Crabtree*, 144 Idaho at 495, 163 P.3d at 1207 ("[Although] a district court is free to adopt into a notice of intent to dismiss the arguments set forth by the state's answer to [a petition] for post-conviction relief[,] . . . the district court must do so explicitly . . . ."). Thus, we are left without a holding from the court regarding the incorporation. Further, the State has not cited any rule of civil procedure or case law that prohibits incorporation of a petitioner's original petition into his amended petition. Although this Court strongly opposes the practice of incorporating by reference a petitioner's entire original petition into his amended petition for the very concerns this case presents, in the absence of authority prohibiting such a practice, we are constrained to hold that Diamond properly incorporated his original petition into his amended petition. Thus, the court's notice of intent to dismiss did not address each of the claims in Diamond's amended petition. While the notice of intent to dismiss addressed the claim raised in Diamond's amended petition, it did not address the claims raised in the original petition and incorporated by reference into the amended petition. Thus, the court's reasoning for its intended dismissal failed to identify with particularity why

5

each of Diamond's claims were unsupported or without merit. Accordingly, the court's notice of intent to dismiss was insufficient to allow Diamond a meaningful opportunity to respond to the intended dismissal.

The State argues that although the amended petition incorporated by reference the claims in the original petition, the amended petition effectively eliminated those claims. The amended petition stated that Diamond appealed his judgment of conviction and sentence. Thus, the State asserts the amended petition contradicted Diamond's claim that his trial counsel failed to file an appeal, effectively eliminating that claim. Further, because the amended petition sought probation instead of release, the State asserts the amended petition effectively eliminated Diamond's claim that his continued incarceration violated the Eighth Amendment. The State also argues Diamond essentially waived consideration of claims raised in his original petition by failing to challenge the court's conclusion that the amended petition contained only one claim.

We do not find the State's arguments persuasive. Diamond's amended petition did state that he appealed his judgment of conviction and sentence. However, Diamond's amended petition did not state that he appealed the sentencing court's order revoking probation. Diamond's original and amended petitions addressed issues arising in the probation violation proceedings. Thus, Diamond's claim that his trial counsel was ineffective for failing to file an appeal referred to an appeal from the order revoking probation. Accordingly, Diamond's amended petition did not effectively eliminate the claim in the original petition that his trial counsel failed to file an appeal. Further, Diamond's original petition sought release in its conclusion. Diamond incorporated his entire original petition into his amended petition. Thus, the claims and request for relief in the original petition carried over to the amended petition. Therefore, Diamond's amended petition did not effectively eliminate the claim in the original petition that his continued incarceration violated the Eighth Amendment.

More important, the State's arguments are irrelevant to Diamond's claim on appeal that the district court's notice of intent to dismiss was insufficient to allow Diamond a meaningful opportunity to respond to the intended dismissal. The statutory duty to specify the reasons for the proposed dismissal under I.C. 19-4906(b) rests solely with the district court and it is the district court alone who is responsible for drafting the notice of intent to dismiss. *Crabtree*, 144 Idaho at 494, 163 P.3d at 1206. Thus, Diamond's amended petition and actions (or inaction) in

the court below did not relieve the court of the necessity of specifying the reasons for the proposed dismissal of each claim in the amended petition, including those incorporated therein.

Accordingly, we hold the notice of intent to dismiss was insufficient to allow Diamond a meaningful opportunity to respond to the intended dismissal and remand for consideration of the claims Diamond raised in his original petition and incorporated by reference into the amended petition. However, our decision does not preclude another summary dismissal on remand based upon grounds adequately articulated in a notice of intent to dismiss or in a motion from the State properly granted by the district court.

## III.

## CONCLUSION

The district court did not address the claims in Diamond's original petition that were incorporated into the amended petition by reference. Thus, the court's notice of intent to dismiss was insufficient to allow Diamond a meaningful opportunity to respond. The court's judgment summarily dismissing Diamond's petition for post-conviction relief is reversed and the case is remanded for further proceedings consistent with this opinion.

Chief Judge MELANSON and Judge GUTIERREZ **CONCUR**.