**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 48520**

| | |
|---|---|
| JORGE E. RODRIQUEZ,<br><br>        **Petitioner-Appellant,**<br><br>v.<br><br>STATE OF IDAHO,<br><br>        **Respondent.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**Filed: February 16, 2022**

**Melanie Gagnepain, Clerk**

**THIS IS AN UNPUBLISHED OPINION AND SHALL NOT BE CITED AS AUTHORITY**

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Boise County. Hon. Samuel Hoagland, District Judge.

Judgment summarily dismissing amended petition for post-conviction relief, <u>affirmed</u>.

Jorge E. Rodriquez, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Jennifer Jensen, Deputy Attorney General, Boise, for respondent.

---

HUSKEY, Judge

Jorge E. Rodriquez appeals from the district court's judgment summarily dismissing his amended petition for post-conviction relief. For the reasons set forth below, we affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Rodriquez was convicted of domestic battery with traumatic injury in the presence of a child. Rodriquez's first trial resulted in a hung jury. After a subsequent trial, the jury found Rodriquez guilty of domestic battery with traumatic injury in the presence of a child. The district court imposed an eighteen-year sentence, with eight years determinate. Rodriquez appealed and this Court affirmed Rodriquez's judgment of conviction. *State v. Rodriquez*, Docket No. 45587 (Ct. App. July 10, 2019) (unpublished).

1

Rodriquez filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel at trial and on direct appeal, prosecutorial misconduct, and denial of his right to a fair trial due to various rulings by the district court. The State filed an answer, and Rodriquez was appointed post-conviction counsel. Approximately one month later, Rodriquez's appointed counsel moved to withdraw and Rodriquez requested substitute counsel. The district court granted counsel's motion to withdraw and denied Rodriquez's request for substitute court-appointed counsel. Rodriquez filed a notice of intent to proceed pro se.

The district court entered a notice of intent to dismiss. Rodriquez filed an amended petition for post-conviction relief alleging many of the same claims raised in his original petition. The district court entered a second notice of intent to dismiss, incorporating all the bases for dismissal from the first notice, addressing any new claims, and giving Rodriquez twenty days to provide any supplemental materials in response to the second notice of intent to dismiss. Rodriquez did not submit any supplemental materials within the twenty-day period. The district court dismissed the amended petition for post-conviction relief. Rodriquez timely appeals.

## II.

## STANDARD OF REVIEW

A petition for post-conviction relief initiates a proceeding that is civil in nature. I.C. § 19-4907; *Rhoades v. State*, 148 Idaho 247, 249, 220 P.3d 1066, 1068 (2009); *State v. Bearshield*, 104 Idaho 676, 678, 662 P.2d 548, 550 (1983); *Murray v. State*, 121 Idaho 918, 921, 828 P.2d 1323, 1326 (Ct. App. 1992). Like a plaintiff in a civil action, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action. *Dunlap v. State*, 141 Idaho 50, 56, 106 P.3d 376, 382 (2004). A petition must contain much more than a short and plain statement of the claim that would suffice for a complaint under Idaho Rule of Civil Procedure 8(a)(1). Rather, a petition for post-conviction relief must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records, or other evidence supporting its allegations must be attached or the petition must state why such supporting evidence is not included with the petition. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations or the petition will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994); *Baruth v. Gardner*, 110 Idaho 156, 159, 715 P.2d 369, 372 (Ct. App. 1986). Moreover, the district court, as the trier of fact, is not constrained to draw inferences in favor of the party opposing the motion for summary disposition; rather, the district court is free to arrive at the most probable inferences to be drawn from uncontroverted evidence. *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Id.*

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the state does not controvert the petitioner's evidence. *See Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008). If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

3

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Sheahan*, 146 Idaho at 104, 190 P.3d at 923. Over questions of law, we exercise free review. *Rhoades*, 148 Idaho at 250, 220 P.3d at 1069; *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001).

## III.

## ANALYSIS

On appeal, Rodriquez asserts the district court erred by: 1) summarily dismissing some of his ineffective assistance of counsel claims; and 2) making multiple procedural errors throughout the course of the post-conviction proceedings.

A.      **Ineffective Assistance of Counsel Claims**

Although Rodriquez raised many allegations of ineffective assistance of counsel in his initial and amended petitions, on appeal he asserts the district court erred in summarily dismissing only the following specific claims of ineffective assistance of trial counsel for failing to: 1) interview, subpoena, and call Rodriquez's sisters as witnesses to testify at trial; 2) present evidence that the victim was the initial aggressor based on her propensity for violence; 3) cross-examine the victim regarding her alleged propensity for violence against Rodriquez; 4) present Rodriquez's previously disclosed evidence and claim of self-defense; and 5) ensure Rodriquez obtained a requested domestic violence evaluation prior to sentencing. Consequently, we limit our review to the issues raised on appeal.

To avoid summary dismissal, a post-conviction claim of ineffective assistance of counsel must establish a genuine issue of material fact of both prongs of the test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Roman*, 125 Idaho at 649, 873 P.2d at 903. The *Strickland* test requires the petitioner to show that the attorney's performance was deficient and that the petitioner was prejudiced by the deficiency. *Strickland*, 466 U.S. at 687-88; *Self v. State*, 145 Idaho 578, 580, 181 P.3d 504, 506 (Ct. App. 2007). To establish a deficiency, the petitioner has the burden of showing that the attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760, 760 P.2d 1174, 1176 (1988); *Knutsen v. State*, 144 Idaho 433, 442, 163 P.3d 222, 231 (Ct. App. 2007). To establish prejudice, the petitioner must show a reasonable probability that, but for the attorney's deficient performance, the outcome of the trial

4

would have been different. *Aragon*, 114 Idaho at 761, 760 P.2d at 1177; *Knutsen*, 144 Idaho at 442, 163 P.3d at 231. This Court has long adhered to the proposition that tactical or strategic decisions of trial counsel will not be second-guessed unless those decisions are based on inadequate preparation, ignorance of relevant law, or other shortcomings capable of objective evaluation. *Gonzales v. State*, 151 Idaho 168, 172, 254 P.3d 69, 73 (Ct. App. 2011).

### 1.      Failing to call Rodriquez's sisters as witnesses

According to the affidavits Rodriquez submitted in support of his petition, which the district court noted appear to be written by Rodriquez rather than the proposed witnesses, Rodriquez's sisters would have testified about the victim's alleged propensity for violence towards Rodriquez. The affidavits indicate that Rodriquez's sisters' knowledge of the victim's propensity for violence was based on conversations they had with the victim and watching video footage of the victim allegedly assaulting Rodriquez on different occasions.

In its first notice of intent to dismiss, the district court concluded that Rodriquez failed to demonstrate that the failure to call his sisters as witnesses was due to inadequate preparation, ignorance of the relevant law, or other shortcomings capable of objective review.[1] The decision of what evidence should be introduced at trial is considered strategic or tactical. *Bagshaw v. State*, 142 Idaho 34, 38, 121 P.3d 965, 969 (Ct. App. 2005). When faced with a tactical decision, there is a strong presumption that the decision fell within the acceptable range of choices available to trial counsel. *State v. Yakovac*, 145 Idaho 437, 447, 180 P.3d 476, 486 (2008).

In support of its conclusion that the attorney's decision was strategic, the district court explained that admitting this testimony would have opened the door into an inquiry about Rodriquez's prior conduct and perhaps his prior convictions, which would have been damaging for Rodriquez and which Rodriquez explicitly acknowledged in his amended petition he did not want introduced. According to the State, Rodriquez had pleaded guilty to or been convicted of twelve violent crimes. In light of the other evidence and the potential problematic consequences for Rodriquez if evidence of his prior conduct and convictions was presented to the jury, Rodriquez

---

[1]      It appears the sisters' testimony was not about the victim's general propensity for violence but, rather, related to specific acts of aggression by the victim against Rodriquez. Thus, the State would have been permitted to inquire about the circumstances of each instance, thereby introducing evidence of Rodriquez's actions in each prior instance to rebut the evidence of the victim's alleged aggressive behavior. *See* I.R.E. 404(a)(2)(B).

failed to present sufficient evidence to create a genuine issue of material fact to overcome the presumption that trial counsel's decision to preclude any inquiry that would open the door to Rodriquez's prior conduct and/or convictions was a reasonable trial strategy which balanced the advantages and disadvantages to Rodriquez. Similarly, Rodriquez failed to allege a genuine issue of material fact that the outcome of trial would have been different had his sisters been called as witnesses, particularly when such testimony would have opened the door to Rodriquez's prior conduct as to each event and potentially to his criminal history. Because Rodriquez did not raise a genuine issue of material fact as to this claim, the district court did not err in summarily dismissing it.

### 2. Failing to present evidence that the victim was the initial aggressor based on her propensity for violence

As to evidence of the victim's alleged prior acts of aggression, including video footage of the victim allegedly assaulting Rodriquez, the district court found the claims did not create a genuine issue of material fact because the evidence would not have been admissible, the decision not to present the evidence was a strategic decision, the evidence was presented at the preliminary hearing, and the claim should have been raised on direct appeal.[2]

The district court found that the evidence was not admissible because it was not generally relevant, nor was it specifically relevant because Rodriquez had not raised a credible claim of self-defense or alleged a sufficient factual basis of the elements of self-defense. It is clear from the record in this case that Rodriquez's defense at trial was that he did not cause the victim's injuries and the victim lied when she reported Rodriquez battered her. The victim's trial testimony was consistent with this theory: the victim testified that either the injury was accidental or caused by her work environment and that she lied to a co-worker, her parents, the nurse at the doctor's office, and the police by telling them Rodriquez caused the injuries.

When describing the underlying altercation in his initial petition for post-conviction relief, Rodriquez noted that while the victim was "aggressively" grabbing for his cellphone, "during the midst of her act to grab the cellphone, her nose was somehow accidentally struck and began to bleed," and that it was only a verbal, not physical altercation. Nowhere in his initial or amended

---

[2]     Rodriquez does not challenge the district court's findings that the evidence was presented at the preliminary hearing or that the claim should have been raised on direct appeal.

petition does Rodriquez assert he caused the injuries--a necessary predicate fact to establish a viable claim of self-defense.

Declining to present irrelevant evidence is a reasonable trial strategy. *Bagshaw*, 142 Idaho at 38, 121 P.3d at 969. Because Rodriquez did not allege the necessary predicate facts in the initial or amended petition, the district court correctly concluded any evidence regarding the victim's propensity for violence or whether she was the aggressor in the underlying altercation was irrelevant and therefore, inadmissible.

The district court also found that even if the evidence was admissible, the decision not to present the evidence was strategic. As discussed above, this evidence would have opened the door into an inquiry about Rodriquez's prior conduct and/or convictions, and trial counsel's decision to preclude this inquiry was a reasonable trial strategy. As such, Rodriquez failed to establish a genuine issue of material fact to overcome the presumption that trial counsel's decisions were strategic and the claim was properly dismissed without a hearing.

3. **Failing to cross-examine the victim regarding her alleged propensity for violence against Rodriquez**

Although Rodriquez claims cross-examination of the victim would have revealed her prior acts of aggression, Rodriquez failed to provide an affidavit from the victim about what her testimony would be; thus, he failed to create a genuine issue of material fact that pursuing cross-examination on this issue would have been helpful. Additionally, the district court concluded that trial counsel's decision not to pursue this line of questioning fell within the objectively reasonable range of trial strategy. Rodriquez ignores the fact that counsel had information from the previous trial upon which to make tactical and strategic decisions. While Rodriquez's argument second-guesses trial counsel's tactical and strategic decisions, for the reasons explained above, it does not create a genuine issue of material fact that counsel's decisions resulted from inadequate preparation, ignorance of the law, or other shortcomings capable of objective review. Rodriquez has failed to show error in the summary dismissal of this claim.

4. **Failing to present Rodriquez's previously disclosed evidence and claim of self-defense**

In his initial and amended petitions, Rodriquez also alleged trial counsel was ineffective for failing to present evidence that Rodriquez acted in self-defense, although Rodriquez did not specifically identify what the evidence is. In the first notice of intent to dismiss, the district court noted that there was no genuine issue of material fact regarding this claim because Rodriquez did

7

not allege that the victim was the initial aggressor on the relevant date or that her injuries were the result of Rodriquez fending off the attack. Without those factual assertions, the district court concluded the claim was bare and conclusory. The district court further held that Rodriquez failed to allege sufficient facts to support the other elements of a self-defense claim; specifically, that Rodriquez "reasonably feared the victim and reasonably believed that the force used was necessary to repel the victim's attack." The district court also found that pursuing this line of defense would allow prior instances of Rodriquez's violence to be admitted by the State to rebut the claim of self-defense.

Without factual support for each element of a self-defense claim and because it could have opened the door to admit evidence trial counsel reasonably wanted to avoid, Rodriquez failed to establish a genuine issue of material fact that the failure to proffer the defense was not a reasonable strategic decision. This claim was properly dismissed without a hearing.

### 5. Failing to ensure Rodriquez obtained a requested domestic violence evaluation prior to sentencing

Rodriquez alleged his trial counsel rendered ineffective assistance of counsel for failing to ensure Rodriquez underwent a domestic violence evaluation prior to sentencing. Rodriquez asserts that had he received the evaluation, he would have received a "far better recommendation for probation." The district court gave notice of its intent to dismiss this claim, finding that Rodriquez received a domestic violence evaluation prior to sentencing. The district court noted the claim was "bare, conclusory, and clearly disproved by the record." The appellate record does not include a copy of the presentence investigation report (PSI) and includes only a partial transcript from sentencing. It is the responsibility of the appellant to provide a sufficient record to substantiate his or her claims on appeal. *Powell v. Sellers*, 130 Idaho 122, 127, 937 P.2d 434, 439 (Ct. App. 1997). In the absence of an adequate record on appeal to support the appellant's claims, we will not presume error. *Id.*

However, even if the district court erroneously concluded that an evaluation had been submitted, Rodriquez failed to address the alternate grounds upon which the claim was dismissed: that it was bare and conclusory. "Where a lower court makes a ruling based on two alternative grounds and only one of those grounds is challenged on appeal, the appellate court must affirm on the uncontested basis." *See State v. Goodwin*, 131 Idaho 364, 366, 956 P.2d 1311, 1313 (Ct. App. 1998) (upholding the denial of motion to suppress based on trial court's alternative ruling that

8

was unchallenged on appeal). Thus, we must affirm the summary dismissal of this claim on the unchallenged ground.

For all the reasons discussed above, Rodriquez has failed to demonstrate error as to the summary dismissal of his claims of ineffective assistance of trial counsel. Consequently, the trial court did not err in summarily dismissing these claims.

**B.    Judicial Errors Regarding the Domestic Violence Evaluation**

In his initial petition, Rodriquez alleged the district court "abused its discretion by failing to comply with the procedural laws" because Rodriquez did not undergo a domestic violence evaluation prior to sentencing and, as a result, he was "deprived of his Fifth, Sixth, and Fourteenth Amendment rights." He alleges that had he received the evaluation, he would have received a "far better recommendation for probation." Based on the language of the claim in the initial petition, the district court identified the claim as Rodriquez alleging that "the Court violated [Rodriquez's] due process rights under the Fifth, Sixth, and Fourteenth Amendments." The district court gave notice of its intent to dismiss the claims relating to the lack of a domestic violence evaluation in a section of its order entitled "(20) Ineffective Assistance of Counsel & Judicial Error Re: Failure to Obtain Domestic Violence Evaluation." Therein, the district court provided alternate bases upon which it was dismissing the claim. As one basis, the district court found that Rodriquez had received a domestic violence evaluation prior to sentencing. Alternatively, the district court concluded the claim was bare and conclusory. We note that the district court did not cite to a domestic evaluation, but instead cited to an order for Rodriquez to undergo an evaluation. As noted above, the record is incomplete for an analysis of this issue and we will not presume error. *Powell*, 130 Idaho at 127, 937 P.2d at 439. However, assuming arguendo that the district court erroneously concluded that an evaluation had been submitted, Rodriquez fails to address the alternate grounds upon which the claim was dismissed: that it was bare and conclusory. As a result, we must affirm the district court on the unchallenged basis. *Goodwin*, 131 Idaho at 366, 956 P.2d at 1313.

Even if Rodriquez did address the unchallenged basis, his claim fails. In his initial and amended post-conviction petitions, beyond generally asserting that the evaluation would have benefited him, "potentially changing the outcome of his sentence," Rodriquez did not provide admissible evidence in support of the claim. In the trial court, Rodriquez did not identify any specific information that would have been contained in the domestic violence evaluation that was

9

not contained in the PSI or would have changed the sentence imposed by the district court. He similarly fails to do so on appeal. While Rodriquez cites the rules that outline the content that should be contained in a domestic violence evaluation, he fails to provide factual support that this speculative information would have mitigated his criminal history and the facts of the underlying case such that the district court would have imposed a lesser sentence. *See Hall v. State*, 156 Idaho 125, 132, 320 P.3d 1284, 1291 (Ct. App. 2014) (holding post-conviction petition is subject to summary dismissal when claim is based on nothing more than speculation). Thus, he has not demonstrated a genuine issue of material fact that there is a reasonable probability that the district court would have imposed a different sentence if a domestic violence evaluation had been conducted prior to sentencing; thus, the district court did not err in summarily dismissing this claim.

In his amended petition, Rodriquez asserts that "the district court abused its discretion by imposing an illegal sentence, when sentencing the petitioner without the petitioner first undergoing a domestic violence evaluation." This claim fails for the reasons articulated above: Rodriquez failed to raise a genuine issue of material fact that he was prejudiced by the lack of an evaluation. Moreover, on appeal, Rodriquez asserts that the district court's notices of intent to dismiss were insufficient because they did not give Rodriquez "any way of knowing whether to correct any deficiencies in the petitioners [sic] claims, argument or legal analysis." Fatal to his claims is that Rodriquez did not challenge the sufficiency of the notice in the district court. A petitioner cannot challenge the sufficiency of the notice of intent to dismiss for the first time on appeal; thus, he has waived any claim challenging the sufficiency of the notice. *Kelly*, 149 Idaho at 524, 236 P.3d at 1284. As a result, the district court's summary dismissal of this claim was not error.

## C.     Procedural Claims

Rodriquez argues the district court committed multiple procedural errors throughout the course of his post-conviction proceedings. However, on appeal he asserts only three claims: 1) the district court erred by dismissing his amended petition for post-conviction relief before the State filed an answer; 2) the district court erred when it summarily dismissed the petition without considering Rodriquez's supplemental materials and without giving Rodriquez twenty days to respond to the district court's second notice of intent to dismiss; and 3) the district court failed to adequately address his claims and various motions filed throughout the duration of post-conviction proceedings before dismissing his post-conviction action.

10

Idaho Code § 19-4906(a) directs the State to respond to an application for post-conviction relief by answer or motion within thirty days after the docketing of the application. When a district court enters a notice of intent to dismiss the application, the petitioner is given twenty days to respond, after which the district court may grant the applicant leave to file an amended petition. I.C. § 19-4906(b). Here, the State filed an answer to Rodriquez's initial petition. The district court also filed a notice of intent to dismiss the petition. Thereafter, Rodriquez filed an amended petition without requesting or being granted leave to file an amended petition. Eight days later, the district court entered its second notice of intent to dismiss.

Rodriquez suffered no procedural irregularity when he had notice of the deficiencies in the amended petition by way of the district court's notice of intent to dismiss the amended petition rather than through an answer filed by the State. Moreover, Rodriquez provides no authority in support of his argument that due process requires, in addition to a district court's notice of intent to dismiss, the State to file an answer. Consequently, we decline to find any error.

Rodriquez also argues the district court erred when it summarily dismissed the petition without considering Rodriquez's supplemental materials and without giving Rodriquez twenty days to respond to the district court's second notice of intent to dismiss. This assertion is without merit as Rodriquez failed to timely file both his response and supplemental materials. Following a district court's notice of its intent to dismiss a post-conviction petition, the petitioner is allowed twenty days to respond with additional facts to support his claims. I.C. § 19-4906(b); *Crabtree v. State*, 144 Idaho 489, 494, 163 P.3d 1201, 1206 (Ct. App. 2006). Both the second notice of intent to dismiss and the certificate of mailing were signed and dated on October 15, 2020. Pursuant to I.C. § 19-4906(b), Rodriquez had twenty days (or until November 4) to file his response. Rodriquez's supplemental brief and materials were deemed filed on November 9, 2020, the day the certificate of service indicates they were placed into the prison mail system.[3]

Rodriquez argues his materials were timely filed because he did not receive the second notice of intent to dismiss until October 21 and his twenty-day time period began running on October 22. He further argues that I.R.C.P. 2.2(c) adds three days to the time to respond when service is made by mail and, thus, Rodriquez argues he had twenty-three days to respond; the

---

[3]     The prison mailbox rule construes a pro se inmate's legal documents filed once they are given to prison officials. *See Munson v. State*, 128 Idaho 639, 643, 917 P.2d 796, 800 (1996).

twenty days granted in I.C. § 19-4906(b), plus three additional days pursuant to I.R.C.P. 2.2, for a total of twenty-three days. Because Rodriquez argues his time began to run on October 22, if he was granted twenty-three days to file his response and supporting documents, the deadline for filing any additional documents was November 14, which appears to be why Rodriquez argues his November 9 filings were timely.

Rodriquez has no admissible factual support for his claim that he received the second notice of intent to dismiss on October 21, 2020. While Rodriquez has attached an affidavit to his appellant's brief, as well as copies of envelopes received from Boise County, this evidence was not presented to the district court and cannot be considered by this Court. *Woods v. Sanders*, 150 Idaho 53, 58, 244 P.3d 197, 202 (2010) ("documents merely appended to the brief that are not otherwise contained in the record may not be relied upon to support an argument on appeal").

Even if Rodriquez had provided this factual information to the district court, he has provided no authority to support his claim that service is complete when a document is received rather than when it is mailed. Although Rodriquez cites to *State v. Shaffer*, 112 Idaho 1024, 739 P.2d 323 (1987), that case involved a factual scenario where the certificate of mailing was dated October 17, 1983, but the filing date of the document was October 25, 1983. *Id.* at 1027, 739 P.2d at 326. Given the discrepancy, the Idaho Supreme Court deemed the mailing date to be the October 25 filing date, not the October 17 certificate of service date. *Id*. No such discrepancy exists in this case. Here, the second notice of intent to dismiss was both filed and mailed on October 15, 2020. Rodriquez cites no authority to support his claim that a certificate of service mailing date is not the date of service or the date from which the due date for responsive filings is calculated. Assuming that I.R.C.P. 2.2(c) provides an additional three days, Rodriquez was required to file his documents no later than November 7. Even if the district court erroneously thought the materials were due November 4 rather than November 7, the fact remains that Rodriquez's materials were untimely and the district court did not err by declining to consider them.

Rodriquez argues the district court failed to adequately address his claims and various motions filed throughout the duration of post-conviction proceedings before dismissing his post-conviction action. Rodriquez does not indicate which claims or motions he contends were insufficiently addressed. Rather, he broadly asserts that the district court failed to identify any deficiencies in the evidence, legal analysis, and arguments contained in Rodriquez's amended

petition. We will not search the record on appeal for unspecified error. *State v. McIntosh*, 160 Idaho 1, 7, 368 P.3d 621, 627 (2016); *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010). Thus, we do not consider the arguments.

## IV.

## CONCLUSION

The district court did not err by summarily dismissing Rodriquez's amended petition for post-conviction relief. Accordingly, we affirm the district court's judgment summarily dismissing Rodriquez's amended petition for post-conviction relief.

Chief Judge LORELLO and Judge GRATTON **CONCUR**.